IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MONKEYMEDIA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> THE WALT DISNEY COMPANY; <br> TWENTIETH CENTURY FOX HOME ENTERTAINMENT, LLC; <br> LIONS GATE ENTERTAINMENT CORP.; <br> PARAMOUNT PICTURES CORPORATION; <br> SONY PICTURES HOME ENTERTAINMENT; <br> SONY ELECTRONICS, INC.; <br> SONY COMPUTER ENTERTAINMENT AMERICA LLC; <br> WARNER HOME VIDEO, INC.; and <br> UNIVERSAL STUDIOS INC., <br><br> Defendants. | CIVIL ACTION NO.: <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

MONKEYmedia, Inc. brings this suit against Walt Disney Studios Home Entertainment, a division of the Walt Disney Company ("Disney"); Twentieth Century Fox Home Entertainment, LLC, ("Fox"); Lions Gate Entertainment Corp. ("Lions Gate"); Paramount Home Entertainment, a division of Paramount Pictures Corporation ("Paramount"); Sony Pictures Home Entertainment, Sony Electronics, Inc., and Sony Computer Entertainment America LLC ("Sony"); Warner Home Video, Inc. ("Warner"); and Universal Studios Home Entertainment, a division of Universal Studios Inc. ("Universal"). Defendants, other than Sony Electronics, Inc., and Sony Computer Entertainment America LLC, are collectively referred to herein as the "Studio Defendants".

1

I.  **PARTIES**

1.  Plaintiff MONKEYmedia, Inc. ("MONKEYmedia") is a Texas corporation with its principal place of business in Austin, Texas.

2.  Defendant WALT DISNEY STUDIOS HOME ENTERTAINMENT is a division of THE WALT DISNEY COMPANY which may be served through its registered agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington DE 19808.

3.  Defendant TWENTIETH CENTURY FOX HOME ENTERTAINMENT, LLC may be served through its registered agent for service of process, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201.

4.  Defendant LIONS GATE ENTERTAINMENT CORP. may be served through its registered agent for service of process, CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

5.  Defendant PARAMOUNT HOME ENTERTAINMENT is a division of PARAMOUNT PICTURES CORPORATION which may be served through its registered agent for service of process, The Prentice Hall Corporation System, 211 E. 7th, Ste. 620, Austin, Texas 78701.

6.  Defendant SONY PICTURES HOME ENTERTAINMENT may be served through its registered agent for service of process, National Registered Agents, Inc., 16055 Space Center Blvd., Suite 235, Houston, Texas 77062.

7.  Defendant SONY ELECTRONICS, INC. may be served through its registered agent for service of process, Corporation Service Company, dba CSC – Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701.

8. Defendant SONY COMPUTER ENTERTAINMENT AMERICA, LLC may be served through its registered agent for service of process, Corporation Service Company, dba CSC – Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701.

9. Defendant WARNER HOME VIDEO, INC. may be served through its registered agent for service of process, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

10. Defendant UNIVERSAL STUDIOS HOME ENTERTAINMENT is a division of UNIVERSAL STUDIOS INC. which may be served through its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## II.  JURISDICTION AND VENUE

11. Plaintiff MONKEYmedia asserts causes of action under 35 U. S. C. § 271 for infringement of United States Patents owned by MONKEYmedia. This Court has original and exclusive subject matter jurisdiction over these claims under 28 U. S. C. §§ 1331 and 1338(a). Sony Electronics, Inc., Sony Computer Entertainment America LLC and the Studio Defendants are each subject to personal jurisdiction, because each Defendant has transacted business in this state, contracted to supply services or products in this state, and/or caused tortious injury in this state.

12. Venue is proper in this Court under 28 U. S. C. §§ 1391(b) and (c) and 1400(b). Sony Electronics, Inc., Sony Computer Entertainment America LLC and the Studio Defendants each conduct business within this district. Additionally, events giving rise to this suit occurred in this district, including acts of infringement by each of the Defendants.

### III.     MONKEYmedia's PATENTS

13.     Eric Gould Bear, the founder of MONKEYmedia, is a prolific inventor and is named as the first inventor in over 100 patents and patent applications. These include the issued patents and pending patent applications in the "Seamless Contraction" and "Seamless Expansion" patent families. The inventions in the Seamless Contraction patent family were conceived by Bear at least as early as 1992 and concern the summarization and/or variable display of text and audio-visual content, based on the saliency of the content. The inventions in the Seamless Expansion patent family, which were conceived by Bear and his co-inventor at least as early as 1994, concern the display of optional content in the context of audio-visual content streams. MONKEYmedia is the owner by assignment of all right, title and interest in and to the Seamless Contraction and Seamless Expansion patent families. The patents at issue in this lawsuit are summarized below.

#### A.     The '730 Patent (Seamless Contraction)

14.     U. S. Patent No. 6,335,730 ('730) owned by MONKEYmedia is in the Seamless Contraction patent family and is directed towards a computer user interface with non-salience de-emphasis. The invention in Claim 6 of the '730 Patent has special significance for computer systems, such as those sold by Sony Electronics, Inc., that have the capability to control the display of different versions of the same audiovisual content, depending on selected parameters. A type of audiovisual content that is specifically created and/or distributed by the Studio Defendants for taking advantage of this functionality is found in DVDs and Blu-ray discs that store longer and shorter versions of the same movie on a single disc without duplicating all of the scenes common to both versions. For example, a DVD may contain a longer director's cut and

4

also contain a shorter theatrical version, which does not play certain scenes from the director's cut.

15. The '730 Patent issued on January 1, 2002 and has a priority date of December 14, 1992.

### B. The '158 Patent (Seamless Expansion)

16. U. S. Patent No. 6,393,158 ('158) owned by MONKEYmedia is in the Seamless Expansion patent family. The relevant claims in the '158 Patent are generally directed towards methods for playing stored content, such as audiovisual content on DVDs and Blu-ray discs, by playing a "main" video segment and determining whether a content expansion is desired. If a content expansion is desired, then the expansion is played rather than the next ("continuing") segment of the main video. After the viewer finishes with the expansion, the main video resumes. If a content expansion is not desired, the continuing segment of the main video is played.

17. The methods claimed in the '158 Patent that are relevant in this lawsuit have special significance for devices that have a DVD or Blu-ray player to play movies and similar content from DVDs and Blu-ray discs released by the Studio Defendants that allow a viewer to use the device to access and watch "expansion content" such as "behind the scenes" featurettes during a movie and then resume watching the movie after finishing with the expansion content.

18. The '158 Patent issued on May 21, 2002 and has a priority date of April 23, 1999.

### C. The '218 Patent (Seamless Expansion)

19. U. S. Patent No. 7,467,218 ('218) owned by MONKEYmedia is in the Seamless Expansion patent family. The relevant claims in the '218 Patent are generally directed towards computer readable media (and methods for playing such media) that contain instructions capable

of causing a computer to play a "main" video segment and determine whether a content expansion is desired prior to reaching the end of that segment. If a content expansion is desired, then the expansion is displayed rather than the next ("continuing") segment of the main video. After the viewer finishes with the expansion, the main video resumes. If a content expansion is not desired, the continuing segment of the main video is played.

20.     The inventions in the '218 Patent that are relevant in this lawsuit have special significance for DVDs and Blu-ray discs released by the Studio Defendants (and methods for playing such discs) that contain instructions for having a DVD or Blu-ray player, such as those sold by Sony, play a movie on the disc, display "expansion content" (such as "behind the scenes" featurettes) during the movie if the viewer desires to watch the expansion content, and then resume playing the movie after the viewer is finished with the expansion content.

21.     The '218 Patent issued on December 16, 2008 and has a priority date of April 23, 1999.

IV.     **INFRINGEMENT BY STUDIO DEFENDANTS**

22.     The Studio Defendants have created, produced and/or distributed thousands of motion pictures over the years that have been watched by millions of viewers at movie theatres. In recent years, the Studio Defendants have routinely released their movies on DVD and Blu-ray discs after the movies have shown in theatres. In addition, the Studio Defendants release certain movies "straight to DVD" without those movies first showing at movie theatres.

23.     Until a few years ago, the Studio Defendants often distributed only one version of a movie per disc – such as the theatrical version that had played in theatres or the director's cut. However, as competition for the viewing audience intensified, viewers have been provided with several alternatives to purchasing or renting movies on DVD. For example, viewers can view

the "theatrical versions" of movies on cable channels, such as the "Movie Channel", "Showtime", and HBO, and stream or download the movies over the Internet. The Studio Defendants have reacted to this trend, in part, by increasing the amount and types of "bonus" content and special features that accompany a movie released on a DVD or Blu-ray disc. The addition of "bonus" content and special features, which generally are not available to the viewer who records or downloads a movie, gives the Studio Defendants a way to better market DVDs and Blu-ray discs and charge higher prices for these "Special Editions".

24.     Upon information and belief, with the advent of Blu-ray discs, which have a larger storage capacity and more programming options than DVDs, most releases of movies on Blu-ray disc by the Studio Defendants contain "bonus" content, trailers, special features, and/or multiple versions of the movie (i.e. "director's cut" and "theatrical version") on a single disc.

### A.     Seamless Expansion

25.     One category of special features commonly included by Studio Defendants on DVDs and Blu-ray discs, allows a viewer watching a movie on a device with a DVD or Blu-ray player to access and view "bonus" content, such as "behind the scenes" featurettes, and then resume watching the movie after finishing with the "bonus" content. MONKEYmedia refers to this category of special features as "Seamless Expansion." On DVDs having the opportunity for Seamless Expansion, a viewer usually is alerted to the existence of bonus content pertaining to a particular scene by the display of a cue during that scene. If the cue is selected, the movie appears to pause and the bonus content is displayed. When the bonus content is finished, the movie resumes. If the cue is not selected, the cue display typically disappears after a few seconds, and the "bonus" content no longer is available for viewing in the context of that scene.

This type of Seamless Expansion is referred to by MONKEYmedia as "Scripted Seamless Expansion".

26. On Blu-ray discs having Seamless Expansion, the viewer may be presented with a cue about available "bonus" content during particular scenes ("Scripted Seamless Expansion") and/or may be able to use the Blu-ray player to access expansion content at any time while watching the movie – a feature that MONKEYmedia calls "Impromptu Seamless Expansion". In either scenario, if the viewer chooses to watch the expansion content, the main video is paused and the expansion content is displayed. When the viewer is finished with the expansion content, the main video resumes.

### B.  Seamless Contraction

27. In addition to providing opportunities for Seamless Expansion in connection with movies and other audiovisual content distributed on discs, the Studio Defendants often include more than one version of a movie on the same DVD or Blu-ray disc. For example, the disc may contain both the longer "director's cut" of a movie that contains scenes that didn't make it to theatres, and the shorter theatrical version that played in movie theatres. While such a disc could have two completely separate encoded versions of the movie – one for the director's cut and one for the theatrical version -- the duplication of scenes common to both versions is not efficient and requires higher compression to fit in the same storage space, which degrades the video quality.

28. The technique typically used by the Studio Defendants to create a DVD or Blu-ray disc with more than one version of the movie is to encode all of the scenes that are present in the longer version of the movie on the disc and have instructions on the disc that allow the disc player to display all of the scenes if the viewer chooses to watch the longer director's cut. If the viewer chooses to watch the shorter theatrical version, the disc player is instructed to shorten or

8

"shrink" the movie (i.e. reduce the amount of time allocated to play the movie) by not displaying the scenes that didn't appear in the theatrical version when it played in theatres. MONKEYmedia refers to this type of shrinking as "Seamless Contraction".

### C.  Creation and Distribution of Infringing Discs

29.    By creating and/or distributing DVDs and Blu-ray discs that provide opportunities for Seamless Expansion and/or Seamless Contraction, each of the Studio Defendants has infringed and continues to infringe claims in the Seamless Expansion and Seamless Contraction patents identified above. The full extent of each of the Studio Defendants' infringement of the Seamless Expansion and Seamless Contraction patents in connection with discs cannot be known without obtaining discovery from the Studio Defendants regarding the technical manner in which DVDs and Blu-ray discs at issue are created. Moreover, while MONKEYmedia has identified numerous infringing titles on DVD and Blu-ray discs, the list of such titles continues to grow as the Studio Defendants continue to create and distribute an increasing amount of "bonus content" and special features to accompany movies and other audiovisual content on discs. Based on its research, MONKEYmedia believes that the Studio Defendants have collectively sold or otherwise distributed hundreds of millions of DVD and Blu-ray discs that allow for Seamless Expansion and/or Seamless Contraction.

30.    Titles of infringing discs created, sold or otherwise distributed by Disney include those titles listed in Exhibit 1, which is attached hereto and incorporated herein by reference.

31.    Titles of infringing discs created, sold and/or otherwise distributed by Fox include those titles listed in Exhibit 2, which is attached hereto and incorporated herein by reference.

32. Titles of infringing discs created, sold and/or otherwise distributed by Lions Gate include those titles listed in Exhibit 3, which is attached hereto and incorporated herein by reference.

33. Titles of infringing discs created, sold and/or otherwise distributed by Paramount include those titles listed in Exhibit 4, which is attached hereto and incorporated herein by reference.

34. Titles of infringing discs created, sold and/or otherwise distributed by Sony Home Entertainment include those titles listed in Exhibit 5, which is attached hereto and incorporated herein by reference.

35. Titles of infringing discs created, sold and/or otherwise distributed by Universal include those titles listed in Exhibit 6, which is attached hereto and incorporated herein by reference.

36. Titles of infringing discs created, sold and/or otherwise distributed by Warner include those titles listed in Exhibit 7, which is attached hereto and incorporated herein by reference.

### D. Manufacture and Sale of Infringing Players

37. In addition to creating and/or distributing infringing DVDs and Blu-ray discs through Sony's Home Entertainment arm, Sony also manufactures, sells and offers to sell entertainment systems, computer systems and stand-alone players for playing Sony's own infringing DVD and Blu-ray discs and the infringing discs of the other companies, including the Studio Defendants. For example, Defendant Sony Electronics, Inc., manufactures and sells stand-alone DVD and Blu-ray players, and home theater systems, as well as Vaio® laptop computers and Vaio® all-in-one desktop PCs. As another example, defendant Sony Computer

Entertainment America LLC manufactures and sells the popular PlayStation®2 and PlayStation®3 "entertainment systems" which have a DVD and/or Blu-ray player. Each of these products has the ability to play infringing DVD and/or Blu-ray discs having opportunities for Seamless Expansion and/or Seamless Contraction

38. Moreover, each Vaio® laptop computer and Vaio® all-in-one desktop PC with the functionality to play DVD and/or Blu-ray discs is a "computer system" as contemplated by the '730 Patent and directly infringes Claim 6 of the '730 Patent. In addition, when a Sony DVD and/or Blu-ray player (including a PlayStation®) that does not have a display is used in combination with a television or other display, the combination forms a "computer system" as contemplated by Claim 6 of the '730 Patent. This combination is referred to herein as a "Player-Display Bundle". A combination of a Sony player and a Sony display, such as a Sony Bravia HDTV (whether sold together or later combined together by a user), is referred to herein as a "Sony Player-Display Bundle".

39. The products manufactured and/or sold by Sony (other than discs) that are accused of infringement are collectively referred to herein as the "Sony Infringing Players".

### E. Defendants' Knowledge of Their Infringement

40. MONKEYmedia has repeatedly provided information to each of the Defendants about MONKEYmedia's patents and the Defendants' infringement of MONKEYmedia's patents before filing this lawsuit. Despite having actual knowledge of the patents at issue and their infringement of the patents, the Studio Defendants created and distributed millions of infringing discs, and continue to create and distribute millions of infringing discs and otherwise infringe the patents at issue. Furthermore, despite this knowledge, Sony has manufactured and/or sold, and continues to manufacture and sell Sony Infringing Players.

11

V.     **CAUSES OF ACTION**

   A.     **Infringement of the '730 Patent (Sony Infringing Players)**

   41.    MONKEYmedia reincorporates by reference and realleges paragraphs 1 through 40 above as if fully set forth herein.

   42.    Sony has, without authority, consent, right, or license, and in direct infringement of the '730 Patent in violation of 35 U. S. C. § 271(a), made, used, offered for sale, and/or sold in this country the computer systems claimed in the '730 Patent. Specifically, the laptop computers, all-in-one PCs and Sony Player-Display Bundles manufactured, sold and/or offered for sale by Sony with functionality to play DVDs and/or Blu-ray discs having the opportunity for Seamless Contraction, are computer systems that directly infringe at least Claim 6 of the '730 Patent in violation of 35 U. S. C. § 271(a).

   43.    Sony has also indirectly infringed Claim 6 of the '730 Patent in violation of 35 U.S.C. § 271(b), by actively inducing users to directly infringe Claim 6 of the '730 Patent. This inducement includes encouraging such users to purchase Sony Infringing Players and combine them with other Sony products to create and use Player-Display Bundles.

   44.    As a result of the Sony's infringement of the '730 Patent by the Sony Infringing Players, MONKEYmedia has been damaged, and will continue to be damaged unless Sony is enjoined by this Court. The infringement of the '730 Patent by Sony is willful, and makes this lawsuit an exceptional case under 35 U. S. C. § 285.

   B.     **Infringement of the '730 Patent (Studio Defendants' DVD and Blu-ray Discs)**

   45.    MONKEYmedia reincorporates by reference and realleges paragraphs 1 through 40 above as if fully set forth herein.

12

46. Each of the Studio Defendants has indirectly infringed Claim 6 of the '730 Patent in violation of 35 U. S. C. § 271(b) by actively inducing users to directly infringe Claim 6 of the '730 Patent. This inducement includes encouraging such users to purchase DVDs and Blu-ray discs providing the opportunity for Seamless Contraction, knowing that the users will play these discs in conjunction with computer systems, including Player-Display Bundles that infringe Claim 6 of the '730 Patent. Upon information and belief, Sony's wrongful inducement is especially blatant, because it actively encourages such users to purchase Sony DVDs and Blu-ray discs that provide the opportunity for Seamless Contraction and play them with Sony Infringing Players, including Sony Player-Display Bundles, that directly infringe Claim 6 of the '730 Patent.

47. Each of the Studio Defendants has also created and/or distributed in the United States, DVDs and Blu-ray discs that provide the opportunity for Seamless Contraction, knowing that such features are especially made and adapted for use in infringing Claim 6 of the '730 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use. The end users directly infringe Claim 6 of the '730 Patent by using their infringing computer systems, including infringing Player-Display Bundles to play these DVDs and Blu-ray discs. This conduct by the Studio Defendants constitutes contributory infringement under 35 U. S. C. § 271(c).

48. As a result of the Defendants' infringement of the '730 Patent, MONKEYmedia has been damaged, and will continue to be damaged unless each of the Defendants is enjoined by this Court. The infringement of the '730 Patent by each of the Defendants is willful, and makes this lawsuit an exceptional case under 35 U. S. C. § 285.

### C. Infringement of the '158 Patent (Sony Infringing Players)

49. MONKEYmedia reincorporates by reference and realleges paragraphs 1 through 40 above as if fully set forth herein.

50. Sony has, without authority, consent, right, or license, and in direct infringement of the '158 Patent in violation of 35 U. S. C. § 271(a), practiced the methods claimed in the '158 Patent. Specifically, Sony Infringing Players practice each step of the methods claimed in at least Claims 1, 7, 8, 10 and 11 of the '158 Patent when playing a DVD or Blu-ray disc with the opportunity for Seamless Expansion. Alternatively, Sony Infringing Players, in combination with Sony DVDs and/or Blu-ray discs providing the opportunity for Seamless Expansion, practice each step of the methods claimed in at least Claims 1, 7, 8, 10 and 11 of the '158 Patent.

51. Sony has also indirectly infringed the '158 Patent in connection with Sony Infringing Players in violation of 35 U. S. C. § 271(b), by actively inducing viewers to directly infringe at least Claims 1, 7, 8, 10 and 11 of the '158 Patent. This active inducement includes encouraging viewers to directly infringe the '158 Patent by using Sony Infringing Players and Sony DVDs or Blu-ray discs that allow for Seamless Expansion, to practice the methods in the identified claims.

52. Moreover, upon information and belief, Sony may be liable for direct infringement under 35 U. S. C. § 271(a) or indirect infringement under 35 U. S. C. § 271(b) in connection with Sony Infringing Players, regarding Claims 13, 14 and/or 23 of the '158 Patent. These claims include technical limitations as to the method used to accomplish Seamless Expansion. DVDs and Blu-ray discs are encrypted, and, therefore, MONKEYmedia cannot ascertain whether the Sony Infringing Players (or viewers) practice the method in Claims 13, 14 and/or 23 without first obtaining and evaluating the technical information as to the manner in which the opportunity for Seamless Expansion is provided. After this evaluation is performed,

MONKEYmedia will notify the Court as to whether it believes Claims 13, 14 and/or 23 are infringed by Sony.

53. As a result of Sony's infringement of the '158 Patent in connection with Sony Infringing Players, MONKEYmedia has been damaged, and will continue to be damaged unless each of the Studio Defendants is enjoined by this Court. The infringement of the '158 Patent by Sony in connection with Sony Infringing Players is willful, and makes this lawsuit an exceptional case under 35 U. S. C. § 285.

### D. Infringement of the '158 Patent (Studio Defendants' DVD and Blu-ray Discs)

54. MONKEYmedia reincorporates by reference and realleges paragraphs 1 through 40 above as if fully set forth herein.

55. Each of the Studio Defendants has indirectly infringed the '158 Patent by actively inducing manufacturers of DVD and Blu-ray players and/or end users to directly infringe at least Claims 1, 7, 8, 10 and 11 of the '158 Patent. This active inducement includes encouraging end users to purchase DVDs and Blu-ray discs that allow for Seamless Expansion, knowing that the viewers will use their DVD/Blu-ray players to directly infringe the '158 Patent by carrying out the methods disclosed in those claims. Upon information and belief, Sony's wrongful inducement is especially blatant because it actively encourages such users to purchase Sony DVDs and Blu-ray discs that allow for Seamless Expansion and play them on Sony Infringing Players to directly infringe Claims 1, 7, 8, 10 and 11 of the '158 Patent. This conduct constitutes infringement under 35 U. S. C. § 271(b).

56. Each of the Studio Defendants has also created and/or distributed in the United States, features incorporated into the DVDs and Blu-ray discs that allow for Seamless Expansion, knowing that such features are especially made and adapted for use in infringing the

methods described in at least Claims 1, 7, 8, 10 and 11 of the '158 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use. The manufacturers of DVD and Blu-ray players and/or end users directly infringe these claims by carrying out the methods disclosed in those claims when playing a DVD or Blu-ray disc that allows for Seamless Expansion. This conduct by the Studio Defendants constitutes contributory infringement under 35 U. S. C. § 271(c).

57.     Moreover, upon information and belief, each of the Studio Defendants may be liable for indirect infringement under 35 U. S. C. § 271(b) and/or 35 U. S. C. § 271(c) regarding Claims 13, 14 and/or 23 of '158 Patent. These clams include technical limitations as to the method used to accomplish Seamless Expansion. DVDs and Blu-ray discs are encrypted, and, therefore, MONKEYmedia cannot ascertain whether there is direct infringement of this method claim by third parties (or indirect infringement by the Defendants) without first obtaining and evaluating the technical information from the Studio Defendants as to the manner in which they provide the opportunity for Seamless Expansion. After this evaluation is performed, MONKEYmedia will notify the Court as to whether it believes Claims 13, 14 and/or 23 are infringed by the Studio Defendants.

58.     As a result of the Defendants' infringement of the '158 Patent, MONKEYmedia has been damaged, and will continue to be damaged unless each of the Defendants is enjoined by this Court. The infringement of the '158 Patent by each of the Defendants is willful, and makes this lawsuit an exceptional case under 35 U. S. C. § 285.

### E.    Infringement of the '218 Patent

59.     MONKEYmedia reincorporates by reference and realleges paragraphs 1 through 40 above as if fully set forth herein.

60. Each of the Studio Defendants has, without authority, consent, right, or license, and in direct infringement of the '218 Patent in violation of 35 U. S. C. § 271(a), made, used, offered for sale, and/or sold in this country computer-readable media products, in the form of DVDs and Blu-ray discs, that are claimed in at least Claims 12, 13, 22, 23, 24, 25, 46 and/or 47 of the '218 Patent.

61. In addition, each of the Studio Defendants has, in this country, violated 35 U. S. C. § 271(b) by actively inducing its customers to directly infringe at least Claims 12, 13, 22, 23, 24, 25, 46 and/or 47 of the '218 Patent by encouraging such customers to use DVDs and Blu-ray discs that have the opportunity for Seamless Expansion.

62. Furthermore, Sony has, without authority, consent, right, or license, and in direct infringement of the '218 Patent in violation of 35 U. S. C. § 271(a), practiced the methods in at least Claims 83, 85, 86, 87 and/or 88 of the '218 Patent. Specifically, Sony Infringing Players practice each step of the methods claimed in these claims when playing a DVD or Blu-ray disc that allows for Seamless Expansion. Alternatively, Sony Infringing Players, in combination with Sony DVDs or Blu-ray discs that allow for Seamless Expansion, practice each step of the methods in at least Claims 83, 85, 86, 87 and/or 88 of the '218 Patent.

63. Sony has also indirectly infringed the '218 Patent in connection with Sony Infringing Players in violation of 35 U. S. C. § 271(b), by actively inducing viewers to directly infringe the patented methods in at least Claims 83, 85, 86, 87 and/or 88 of the '218 Patent. This active inducement includes encouraging viewers to directly infringe the '218 Patent by using Sony Infringing Players and Sony DVDs or Blu-ray discs that allow for Seamless Expansion, to practice the methods in the identified claims.

64. Moreover, each of the Studio Defendants has, in this country, violated 35 U. S. C. § 271(b) by actively inducing manufacturers of DVD and Blu-ray players and/or end-users to directly infringe the patented methods in at least Claims 83, 85, 86, 87 and/or 88 of the '218 Patent. This active inducement includes encouraging end users to purchase DVDs and Blu-ray discs that allow for Seamless Expansion, knowing that the end users will use their DVD/Blu-ray players to directly infringe the '218 Patent by carrying out the methods disclosed in Claims 83, 85, 86, 87 and/or 88 of the '218 Patent. Upon information and belief, Sony's wrongful inducement is especially blatant because it actively encourages such users to purchase Sony DVDs and Blu-ray discs that allow for Seamless Expansion and use Sony Infringing Players to play these discs and practice the methods in Claims 83, 85, 86, 87 and/or 88 of the '218 Patent.

65. Each of the Studio Defendants has also created and/or distributed in the United States, features incorporated into the DVDs and Blu-ray discs that allow for Seamless Expansion, knowing that such features are especially made and adapted for use in infringing the methods described in at least Claims 83, 85, 86, 87 and/or 88 of the '218 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use. The manufacturers of DVD and Blu-ray players and/or end users directly infringe these claims by playing DVDs and Blu-ray discs that allow for Seamless Expansion on such players to practice the methods disclosed in those claims. This conduct by the Studio Defendants constitutes contributory infringement under 35 U. S. C. § 271(c).

66. Moreover, upon information and belief, DVD and Blu-ray discs that allow for Seamless Expansion may directly or indirectly infringe many other claims in the '218 Patent, including Claims 48 through 80. These claims include limitations as to the instructions and/or technical programming used on the discs to provide the opportunity for Seamless Expansion.

18

DVDs and Blu-ray discs are encrypted, and, therefore, MONKEYmedia cannot ascertain the specific instructions or technical programming used on the discs at issue to provide the opportunity for Seamless Expansion, without first obtaining and evaluating this technical information. After this evaluation is performed, MONKEYmedia will notify the Court as to whether it believes other claims in the '218 Patent are infringed by the Defendants.

67.  As a result of the Defendants' infringement of the '218 Patent, MONKEYmedia has been damaged, and will continue to be damaged unless each of the Defendants is enjoined by this Court. The infringement of the '218 Patent by each of the Defendants is willful, and makes this lawsuit an exceptional case under 35 U. S. C. § 285.

## VI.   JURY DEMAND

68.  MONKEYmedia demands a trial by jury on all issues.

## VII.   PRAYER

WHEREFORE, MONKEYmedia respectfully requests the following relief:

(a)   That this Court find each of the Defendants has committed acts of patent infringement in violation of the Patent Act, 35 U. S. C. § 271;

(b)   That this Court enter judgment that:

    (i)   MONKEYmedia is the owner of the MONKEYmedia '730, '158, and '218 Patents and all rights of recovery thereunder;

    (ii)   the claims at issue in MONKEYmedia '730, '158, and '218 Patents are valid and enforceable; and

    (iii)   Each of the Defendants has willfully infringed the MONKEYmedia '730, '158, and '218 Patents;

(c)   That, after trial, this Court enter an injunction enjoining each of the Defendants, its officers, agents, servants, employees, and attorneys, and any other person in active concert or participation with them, from continuing the acts herein complained of, and more particularly, that each of the Defendants and such other persons be permanently enjoined and restrained from further infringing the MONKEYmedia '730, '158, and '218 Patents, including in connection with the accused products and methods;

(d)     That this Court require each of the Defendants to file with this Court, within thirty (30) days after the entry of final judgment, a written statement under oath setting forth in detail the manner in which it has complied with the injunction;

(e)     That the Court award MONKEYmedia damages of no less than a reasonable royalty that have been incurred as a result of each of the Defendants' patent infringement, with pre-judgment interest;

(f)     That each of the Defendants' infringement of the MONKEYmedia '730, '158, and '218 Patents be judged willful and that the damages to MONKEYmedia be increased pursuant to 35 U. S. C. § 284 by three times the amount found or assessed;

(g)     That this case be judged an exceptional case and MONKEYmedia be awarded its attorneys' fees in this action pursuant to 35 U. S. C. § 285;

(h)     That this Court award MONKEYmedia its costs and disbursements in this action;

(i)     That this Court award MONKEYmedia post-judgment interest on all amounts awarded to it, at the maximum rate allowed by law; and

(j)     That this Court grant MONKEYmedia all further relief to which it may be entitled.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY
A Professional Corporation
401 Congress Avenue, Suite 2200, P. O. Box 98
Austin, Texas 78701
512-480-5600 Telephone/512- 480-5853 Telecopier

By: _____
Steven D. Smit
State Bar ID No. 18527500
Eric G. Behrens
State Bar ID No. 02050700
William G. Christian
State Bar ID No. 00793505
Matthew C. Powers
State Bar ID No. 24046650

ATTORNEYS FOR PLAINTIFF
MONKEYMEDIA, INC.