**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| MONKEYMEDIA, INC., ) | Civil Action No. 1:10-CV-00533 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| BUENA VISTA HOME ENTERTAINMENT, ) | |
| INC. d/b/a WALT DISNEY STUDIOS HOME ) | |
| ENTERTAINMENT; TWENTIETH CENTURY ) | |
| FOX HOME ENTERTAINMENT, LLC; ) | |
| LIONS GATE ENTERTAINMENT CORP.; ) | |
| PARAMOUNT PICTURES CORPORATION; ) | |
| SONY PICTURES HOME ENTERTAINMENT; ) | |
| SONY ELECTRONICS, INC.; ) | |
| SONY COMPUTER ENTERTAINMENT ) | |
| AMERICA LLC; WARNER HOME VIDEO, ) | |
| INC.; and UNIVERSAL STUDIOS INC., ) | |
| ) | |
| Defendants. ) | |

## JOINT DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)

Plaintiff MONKEYmedia, Inc. ("MONKEYmedia") and Defendants Buena Vista Home Entertainment, Inc. d/b/a Walt Disney Studios Home Entertainment, Twentieth Century Fox Home Entertainment LLC, Lions Gate Entertainment Corp., Paramount Home Entertainment Inc., Sony Pictures Home Entertainment Inc., Sony Electronics Inc., Sony Computer Entertainment America LLC, Warner Bros. Home Entertainment Inc. on behalf of its Warner Home Video division, and Universal Studios Home Entertainment LLC (collectively "Defendants") jointly submit this Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f). The parties held a telephonic Rule 26(f) conference on October 11, 2010, and have continued to communicate on subsequent dates to develop a discovery plan and address other case management issues.

I.   **RULE 26(F) TOPICS**

   A.   **Brief Description of the Case and Possibilities for Settlement**

MONKEYmedia filed its initial complaint against Defendants on July 19, 2010 asserting infringement of three patents: U.S. Patent Nos. 6,335,730, 6,393,158, and 7,467,218.

Defendants deny having infringed either directly, indirectly, contributorily or by inducement any valid and enforceable claim of the Patents in Suit, either literally or under the doctrine of equivalents, willfully or otherwise.  Defendants have filed additional defenses (and some Defendants have filed counterclaims), including those that allege that they have not infringed the Patents in Suit and that the Patents in Suit are invalid.  In addition, all Defendants have filed additional defenses (and some Defendants have filed counterclaims) alleging that the '158 Patent and '218 Patent are unenforceable as a result of inequitable conduct.  Defendants Sony Pictures Home Entertainment Inc., Sony Electronics Inc., and Sony Computer Entertainment America LLC have also filed defenses and counterclaims alleging that the '730 Patent is unenforceable as a result of inequitable conduct.

With respect to settlement, MONKEYmedia is willing to provide Defendants with a settlement proposal in November 2010.  Defendants believe that exchange of settlement proposals and substantive settlement discussions will not be beneficial until after a *Markman* ruling in this case, given that a *Markman* ruling could significantly impact the merits of this case.

II.   **DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f)(3), the parties submit the following discovery plan:

   A.   **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?**

The parties have agreed to exchange initial disclosures required under Rule 26(a)(1) on November 11, 2010.  With respect to the form or requirement for disclosures, the parties do not believe that any changes need to be made.  The parties reserve their rights to amend their initial disclosures.

**B.     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties have agreed that initial discovery should be limited to matters relating to the *Markman* hearing scheduled for March 1 and 2, 2011.  The parties have agreed that they may begin serving this limited discovery starting on October 20, 2010.

Specifically, the parties have agreed that written discovery will be limited to the following until after the *Markman* hearing:  Each Defendant will serve discovery on MONKEYmedia regarding: (1) preliminary infringement contentions; and (2) MONKEYmedia's description of the person of ordinary skill in the art at the time of the alleged invention of the subject matter claimed in each of the Patents in Suit and Related Patents.  MONKEYmedia will serve discovery on Defendants regarding: (1) preliminary invalidity contentions (and Defendants' responses will be due no sooner than the later of (a) 30 days after being served with MONKEYmedia's interrogatory and (b) 21 days after they have received MONKEYmedia's preliminary infringement contentions); and (2) information *sufficient to show* the functionality of the accused products.  The parties will respond to this initial discovery based on information currently and reasonably available to them.  The parties recognize that their investigation is ongoing, and reserve the right to amend or supplement discovery responses.

The parties anticipate that there will be a deposition of the inventor and expert-related discovery for purposes of the *Markman* hearing, but they have not yet reached an agreement regarding the timing of those matters.

The parties have agreed that all other discovery will be conducted after the *Markman* hearing on March 1 and 2, 2011.  Furthermore, discovery after the *Markman* hearing, which will relate to all allegations, claims, counterclaims, and defenses in MONKEYmedia's Complaint and Defendants' Answers, will be conducted in two phases:  fact discovery and expert discovery.

      **C.**     **Any issues about the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties have agreed to produce documents in searchable PDFs or single page TIFF images with Concordance, Opticon, or Summation load files (depending on the producing party's preference).  MONKEYmedia has further indicated that it possesses certain native files that it prefers to produce in native format, and the parties will work in good faith to address issues concerning production format.  To the extent the parties are interested in obtaining native files or metadata of specific documents, they can request such format for individual documents.

With respect to Defendants' backup tapes, the parties are in agreement that these tapes may be overwritten per Defendants' standard overwriting procedures.

      **D.**     **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their arrangement in an order.**

The parties will abide by the Federal Rules of Civil Procedure with respect to claims of privilege and/or work product.

Furthermore, no party is obligated to identify on its privilege log any privileged or work product documents that were generated after the filing of this lawsuit.  The parties agree that the responding party shall serve its privilege/redaction logs no later than 30 days after the respective document production is made, and under no circumstances, past the fact discovery cut-off.

MONKEYmedia has also proposed that it should not be obligated to identify on its privilege logs any privileged or work product documents that were generated after the date in April 2009 when MONKEYmedia first retained its litigation counsel in this case and that Defendants should not be obligated to identify on their respective privilege logs any privileged or work product documents that were generated after MONKEYmedia contacted each Defendant between July and November 2009.  The parties are discussing MONKEYmedia's proposal.

**E.    What changes should be made in the limitation on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed?**

Subject to the agreement to limit discovery up to the *Markman* hearing on March 1 and 2, 2011, the parties believe no changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure and/or the Local Rules of the Western District of Texas, and that no other limitations should be imposed at this time. With respect to any limits on Requests for Admission, the parties have not reached an agreement. Defendants suggest 30 Requests for Admission per party pursuant to Rule CV-36 of the Local Court Rules. MONKEYmedia disagrees.

The parties further agree that: (a) testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery; (b) discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case; (c) no conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case; and (d) materials, communications, and other information exempt from discovery under the foregoing paragraphs (a)-(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

> **F.     Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

(1)     MONKEYmedia and Defendants have agreed that (1) this case should be consolidated for the *Markman* hearing and discovery related to *Markman* with *MONKEYmedia, Inc. v. Apple Inc.*, Cause No. 1:10-cv-00319-SS; and (2) that trial in the two actions should be separate.  MONKEYmedia, Defendants and the defendant in the Apple matter have filed with the Court an Agreed Motion (1) to Consolidate for *Markman* hearing and discovery related to Markman; and (2) to Maintain Separate Trials, which the Court granted on October 14, 2010.

(2)     The parties are in the process of negotiating a Protective Order to govern the treatment of confidential and proprietary technical and business information and documents that may be disclosed in this action.  The parties will submit an agreed protective order for consideration by the Court.

Date:  October 25, 2010            Respectfully submitted,


*/s/ Steven D. Smit (by Nicole M. Smith with permission)*
Steven D. Smit (State Bar No. 18527500)
Eric G. Behrens (State Bar No. 02050700)
William G. Christian  (State Bar No. 00793505)
Matthew C. Powers (State Bar No. 24046650)
**GRAVES, DOUGHERTY, HEARON & MOODY**
401 Congress Avenue, Suite 2200, P. O. Box 98
Austin, Texas 78701
Telephone: (512) 480-5600
Telecopier: (512) 512- 480-5853

ATTORNEYS FOR PLAINTIFF
MONKEYMEDIA, INC.


*/s/ Nicole M. Smith*
Vincent J. Belusko *(admitted Pro Hac Vice)*
Nicole M. Smith *(admitted Pro Hac Vice)*
Scott C. Moore *(admitted Pro Hac Vice)*
Jason J. Lee *(admitted Pro Hac Vice)*
**MORRISON & FOERSTER LLP**

555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: (213) 892-5200
Facsimile:  (213) 892-5454

Richard D. Milvenan (State Bar No. 14171800)
**McGINNIS, LOCHRDIGE & KILGORE, L.L.P.**
600 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: (512) 495-6000
Facsimile:  (512) 495-6093

Attorneys for Defendants
BUENA VISTA HOME ENTERTAINMENT, INC.
d/b/a WALT DISNEY STUDIOS HOME
ENTERTAINMENT, TWENTIETH CENTURY
FOX HOME ENTERTAINMENT LLC, LIONS
GATE ENTERTAINMENT CORP.,
PARAMOUNT HOME ENTERTAINMENT INC.,
WARNER BROS. HOME ENTERTAINMENT
INC., AND UNIVERSAL STUDIOS HOME
ENTERTAINMENT LLC


*/s/ Mark A. Chapman (by Nicole M. Smith with permission)*
John Flock *(admitted Pro Hac Vice)*
Mark A. Chapman *(admitted Pro Hac Vice)*
Mark A. Hannemann *(admitted Pro Hac Vice)*
**KENYON & KENYON LLP**
One Broadway
New York NY 10004-1007
Telephone: (212) 425-7200
Facsimile:  (212) 425-5288

B. Russell Horton (State Bar No. 10014450)
**KINCAID & HORTON, L.L.P.**
114 West 7th St., Ste. 1100
Austin, Texas 78701
Telephone: (512) 499-0999
Facsimile:  (512) 499-0816


Attorneys for Defendants
SONY PICTURES HOME ENTERTAINMENT
INC., SONY ELECTRONICS INC., AND SONY

COMPUTER ENTERTAINMENT AMERICA LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing was served upon all counsel of record via the Court's ECF on this the 25th day of October 2010.

| | |
|---|---|
| Eric G. Behrens (ebehrens@gdhm.com) <br> Steven D. Smit (ssmit@gdhm.com) <br> William G. Christian (wchristian@gdhm.com) <br> Matthew C. Powers (mpowers@gdhm.com) <br> GRAVES, DOUGHERTY, HEARON & MOODY, P.C. <br> 401 Congress, Avenue, Suite 2200 <br> Austin, Texas 78701 | *COUNSEL FOR PLAINTIFF* <br> *MONKEYMEDIA, INC.* |
| B. Russell Horton (rhorton@khs-law.com) <br> KINCAID & HORTON, L.L.P. <br> 114 West 7th St., Ste. 1100 <br> Austin, Texas 78701 <br><br> John Flock (JFlock@kenyon.com) <br> Mark A. Chapman (MChapman@kenyon.com) <br> Mark A. Hannemann (MHannemann@kenyon.com) <br> KENYON & KENYON LLP <br> One Broadway <br> New York NY 10004-1007 | *COUNSEL FOR DEFENDANTS* <br> *SONY PICTURES HOME* <br> *ENTERTAINMENT INC., SONY* <br> *ELECTRONICS INC., AND SONY* <br> *COMPUTER ENTERTAINMENT* <br> *AMERICA LLC* |

                                                    /s/ *Jason J. Lee* <br>
                                                    Jason J. Lee