IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MONKEYMEDIA, INC., | ) CIVIL ACTION NO.: 1:10-cv-00533-SS |
| | ) |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| vs. | ) |
| | ) |
| BUENA VISTA HOME ENTERTAINMENT, INC. d/b/a WALT DISNEY STUDIOS HOME ENTERTAINMENT; TWENTIETH CENTURY FOX HOME ENTERTAINMENT, LLC; LIONS GATE ENTERTAINMENT INC.; PARAMOUNT PICTURES CORPORATION; SONY PICTURES HOME ENTERTAINMENT; SONY ELECTRONICS, INC.; SONY COMPUTER ENTERTAINMENT AMERICA LLC; WARNER HOME VIDEO, INC.; and UNIVERSAL STUDIOS INC., | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MOTION FOR LEAVE TO AMEND COMPLAINT

TO THE HONORABLE SAM SPARKS:

Pursuant to Rule l5(a)(2) of the Federal Rules of Civil Procedure, MONKEYmedia, Inc. ("MONKEYmedia") respectfully moves the Court for leave to file a Second Amended Complaint in the above-styled and numbered cause, a copy of which is attached as Exhibit A. The Second Amended Complaint adds allegations that Defendants are infringing upon a new and related patent, U.S. Patent No. 7,890,648 ('648), which issued to MONKEYmedia on February 15, 2011. The Second Amended Complaint also substitutes Lions Gate Entertainment Inc. in place of Lions Gate Entertainment Corp. as a party Defendant.[1]

---

[1] MONKEYmedia filed a Motion for Leave to file a Supplemental Complaint in the Apple Litigation to add the allegations regarding the '648 Patent. MONKEYmedia is seeking to amend its Complaint in the Studio Litigation rather than filing a Supplemental Complaint, because an amended complaint is necessary to substitute the proper Lions Gate entity.

1

In the interest of judicial economy, MONKEYmedia's related claims under the '648 patent should be tried in the current lawsuit, instead of in a separate action against the same Defendants and the same infringing products.

**I.   The '648 patent is based on the same specification and drawings as two patents already at issue in this cause, and was issued after Plaintiff filed its active complaint. Courts liberally allow plaintiffs to file supplemental pleadings so that claims under related patents may be tried together.**

1. The '648 patent, which is in the Seamless Expansion patent family, has the same specification, the same figures and the same priority date as two other patents at issue in this cause: U.S. Patent Nos. 6,393,158 ('158) and 7,467,218 ('218).[2]

2. The earliest date on which MONKEYmedia could bring a claim for infringement of the '648 patent was February 15, 2011, when the USPTO issued the patent to MONKEYmedia.[3]  On February 15, 2011, MONKEYmedia advised Defendants of its intention to seek leave to amend its Complaint.  After discussing this matter with Defendants, MONKEYmedia sent Defendants a draft of its proposed Second Amended Complaint and also provided Defendants with charts showing MONKEYmedia's preliminary infringement contentions regarding the new claims.[4]

---

[2] MONKEYmedia's claims relating to the '158 and '218 patents are detailed in ¶¶ 9-16 and 42-55 of the active complaint in the Apple lawsuit, and ¶¶ 16-21 and 49-67 of the complaint in the Studios lawsuit. The other patents in these lawsuits are part of the Seamless Contraction Patent family.  The claim construction and other issues regarding the Seamless Contraction Patent family are not affected by the proposed addition of claims from the '648 Patent.

[3] *See, e.g., Seaweed, Inc. v. DMA Prod. & Design & Marketing LLC*, 219 F.Supp.2d 551, 555 (S.D.N.Y. 2002) ("There is no action for patent infringement prior to the issuance of a patent," holding that a Certificate of Allowability did not vest rights in the patent holder prior to issuance, so as to present a justiciable controversy).

[4] The '648 Patent has 180 Claims, almost all of which are being infringed by Defendants.  However, MONKEYmedia is only seeking to bring 6 independent claims and a subset of dependent claims that, upon information and belief, do not contain any disputed terms that require construction apart from the construction of terms already being considered by the Special Master.  These new claims are listed in Exhibit B.

3. Although the claims in the '648 Patent are distinct and could be brought in a separate lawsuit against these Defendants,[5] the overlapping discovery, evidence, witnesses, products, and other intertwined aspects of the three patents strongly militate in favor of having the related claims in the same action. *Lamoureux v. AnazaoHealth Corp.*, 669 F.Supp.2d 227, 236 n. 12 (D. Conn. 2009) ("The Court notes that there is substantial authority for allowing supplemental pleadings where the new infringement claims relate to the same technology or to new patents containing similar claims as those in the original patent.").[6]

4. Similarly, the "reasonable royalty" damages model under 35 U.S.C. § 284 for both the pending and newly-added claims will potentially overlap. The claims at issue in the '648 Patent are directed towards the same infringing products and conduct as the pending claims in the '158 Patent and '218 Patent. It is not uncommon for parties to argue that under a "reasonable royalty" analysis, the hypothetical licensee would license an entire family of related patents, and pay a royalty based on the *entire* suite, instead of separately negotiating and licensing each patent individually. Dividing patents in the same family into two separate lawsuits not only would involve substantial duplication of evidence and proceedings, but also potentially add confusion to the calculation of damages.

---

[5] *See Kearns v. General Motors Corp.*, 94 F.3d 1553, 1555-57 (Fed. Cir. 1996), *cert. denied*, 117 S.Ct. 1469 (1997) ("each patent establishes an independent and distinct property right" and "raises an independent and distinct cause of action," much the same as patents for separate tracts of real property).

[6] The *Lamoureux* court string-cited multiple decisions allowing supplemental pleadings to allege related patent claims that accrued after the filing of the original complaint, as is the case with the newly-issued '648 patent. *Id.* at 236 n. 12 (citing: "*Abbott Labs. v. Inverness Med. Tech.*, No. Civ. A. 98-10674, 2002 WL 1906533, at *2 (D. Mass. Aug. 19, 2002) (allowing the patentee to file a supplemental complaint to assert an infringement claim for a patent that issued after the original complaint was filed where the newly issued patent contained similar claims to the original patent and, therefore, adding the claims of the new patent would promote efficiency and judicial economy); *Procter & Gamble Co. v. McNeil-PPC, Inc.*, No. 98-361, 1998 WL 1745118, at *2-3 (D. Del. Dec. 7, 1998) (granting patentee's motion for leave to supplement its complaint to add infringement claims for a new patent that issued after the lawsuit was filed); … *Micron Tech., Inc. v. Rambus Inc.*, 409 F.Supp.2d 552, 558-60 (D.Del.2006) (permitting patentee to add new infringement claims for additional patents drawn to the same technology as the previously asserted patents and to amend the list of accused products and to reflect allegedly new infringing sales); …").

**II.  On their face, the terms used in the '648 patent have generally accepted meanings which do not require construction by the Court.  They do not require an additional *Markman* hearing, and will not cause a delay in these proceedings.**

5.  The filing of the Second Amended Complaint will not affect the current *Markman* hearing schedule.  The terms used in the '648 Patent, on their face, have generally accepted meanings which do not require construction by this Court, and consequently, will not necessitate any additional *Markman* hearing.[7]  For example, Claim 43 of the '648 Patent states:

> "43.  An audio and/or video presentation method:
> a.  fetching a first segment;
> b.  generating a signal to display the first segment;
> c.  receiving user input;
> d.  determining whether an expansion is elected by the user;
> e.  fetching the expansion if the expansion is elected by the user;
> f.  generating a signal to display the expansion if the expansion is elected by the user;
> g.  fetching a continuing segment; and
> h.  generating a signal to display the continuing segment."

The other independent claims in the '648 Patent that MONKEYmedia seeks to add are equally as straightforward.  Moreover, the subset of dependent claims that MONKEYmedia seeks to add are very direct and understandable.  For example, Claims 44 and 45 of the '648 Patent state:

> "44.  The presentation method of claim 43 wherein presentation content is fetched from a disk."
>
> 45.  The presentation method of claim 44 wherein expansion content is received through a computer network."

6.  On their face, these terms have plain and ordinary meanings that a lay person can understand as easily as a person of "ordinary skill in the art at the time of the invention."

---

[7] In the event that the Court determines the '648 claims contain additional terms to be construed, Plaintiff believes these terms can be addressed through expedited briefing without the need for an evidentiary hearing.

**III.    At this early stage in the proceedings, judicial economy is best served by including '648 in this cause, instead of in a parallel lawsuit with overlapping discovery and pleadings**.

7.      Inclusion of the '648 claim will not cause any delay in discovery or trial in this matter.  The *Markman* hearing has not yet occurred, and the only substantive discovery that has taken place outside the *Markman* context is the parties' exchange of preliminary infringement and invalidity contentions.  Plaintiff has already provided Defendants with its preliminary infringement contentions regarding the '648 Patent.  No scheduling order has yet been entered to address post-*Markman* proceedings.

8.      In sum, no prospect of delay or other detriment outweighs the economy of trying these technologically-related '648 patent claims in the current lawsuit, instead of as a separate proceeding.

9.      Plaintiff's counsel has conferred with counsel for all Defendants.  Counsel for all Defendants but the Sony entities advised the undersigned that Defendants oppose adding the '648 Patent to this lawsuit.  Counsel for the Sony entities informed Plaintiff's counsel on February 18 that they were conferring with their client about this matter and expected to have a position on Monday.  As of the time of filing of this Motion, Plaintiff's counsel has not been advised about Sony's position, but believes they will also oppose adding the '648 patent to this lawsuit.[8]

**IV.    Unopposed substitution of a party defendant**.

10.     The attached Second Amended Complaint also substitutes Lions Gate Entertainment Inc. ("LGEI") in place of Lions Gate Entertainment Corp. ("LGEC") as a party Defendant.  LGEC's counsel informed MONKEYmedia that LGEC is a Canadian holding

---

[8] The undersigned emailed Sony's counsel and also tried unsuccessfully to reach the lead lawyer for Sony by phone. The undersigned did discuss this matter with another Sony attorney over the phone, but the attorney did not have information about Sony's position.

company, and that LGEI is the entertainment production and distribution company whose products are at issue. Counsel for LGEC advised the undersigned counsel that LGEC/LGEI do not oppose the substitution of the correct party. The substitution will not cause any delay in these proceedings.

WHEREFORE, MONKEYmedia respectfully requests that the Court grant leave for MONKEYmedia to file the attached Second Amended Complaint, and that MONKEYmedia have such further relief to which it may be justly entitled.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY
A Professional Corporation
401 Congress Avenue, Suite 2200, P. O. Box 98
Austin, Texas 78701
512-480-5600 Tel./512- 480-5853 Telecopier

By: /s/ Steven D. Smit
Steven D. Smit
State Bar ID No. 18527500
Eric G. Behrens
State Bar ID No. 02050700
William G. Christian
State Bar ID No. 00793505
Matthew C. Powers
State Bar ID No. 24046650

ATTORNEYS FOR PLAINTIFF
MONKEYmedia, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 21st, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of this filing to the following:

*Attorneys for Defendants Buena Vista Home Entertainment, Inc. d/b/a Walt Disney Studios Home Entertainment; Twentieth Century Fox Home Entertainment, LLC; Lions Gate Entertainment Inc.; Paramount Pictures Corporation; Warner Home Video, Inc. and Universal Studios, Inc.*:

Vincent J. Belusko (admitted Pro Hac Vice)
Nicole M. Smith (admitted Pro Hac Vice)
Scott C. Moore (admitted Pro Hac Vice)
Jason J. Lee (admitted Pro Hac Vice)
**MORRISON & FOERSTER LLP**
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Richard D. Milvenan
**MCGINNIS, LOCHRIDGE & KILGORE, LLP**
600 Congress Ave., Suite 2100
Austin, Texas  78701
Telephone: (512) 495-6005
Facsimile: (512) 505-6305

*Attorneys for Defendants Sony Pictures Home Entertainment, Sony Electronics, Inc. and Sony Computer Entertainment America LLC*:

B. Russell Horton
**KINCAID & HORTON, LLP**
114 West 7th Street, Suite 1100
Austin, Texas  78701
Telephone: (512) 499-0999
Facsimile: (512) 499-0816

John Flock
Mark A. Hanneman
Mark A. Chapman
**KENYON & KENYON, LLP**
One Broadway
New York, NY  10004-1007
Telephone: (212) 908-6490
Facsimile: (212) 425-5288

                                                /s/ Steven D. Smit
                                      Steven D. Smit