**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| MONKEYMEDIA, INC.,<br>    *Plaintiff,*<br><br>    vs.<br><br>APPLE, INC.,<br>    *Defendant.* | ) <br>) <br>) <br>)  Civil Action No. 1:10-CV-00319 <br>) <br>)  JURY TRIAL DEMANDED <br>) |

| | |
|---|---|
| MONKEYMEDIA, INC.,<br>    *Plaintiff,*<br><br>    vs.<br><br>BUENA VISTA HOME ENTERTAINMENT,<br>INC. d/b/a WALT DISNEY STUDIOS HOME<br>ENTERTAINMENT; TWENTIETH CENTURY<br>FOX HOME ENTERTAINMENT, LLC;<br>LIONS GATE ENTERTAINMENT CORP.;<br>PARAMOUNT PICTURES CORPORATION;<br>SONY PICTURES HOME ENTERTAINMENT;<br>SONY ELECTRONICS, INC.; SONY<br>COMPUTER ENTERTAINMENT AMERICA<br>LLC; WARNER HOME VIDEO, INC.; and<br>UNIVERSAL STUDIOS INC.,<br>    *Defendants.* | ) <br>) <br>)  Civil Action No. 1:10-CV-00533 <br>) <br>)  JURY TRIAL DEMANDED <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

**PLAINTIFF MONKEYMEDIA, INC.'S MOTION TO LIFT THE STAY
AND FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINTS**

To the Honorable Sam Sparks, Judge of said Court:

    Plaintiff MONKEYmedia, Inc. respectfully requests that the Court lift the stay entered on

July 27, 2011 and grant leave for MONKEYmedia to file supplemental complaints in these

actions to assert infringement of new claims in U.S. Patent No. 6,393,158 ('158) that were

determined to be patentable by the United States Patent and Trademark Office, following

reexamination proceedings initiated by the Defendants. The Defendants, other than the Sony

1

Defendants, do not oppose MONKEYmedia's motion to lift the stay or its motion for leave to file a supplemental complaint, provided that MONKEYmedia does not oppose Defendants' request for an early supplemental Markman Hearing on the newly asserted claims, which they will set forth in a Statement of Non-Opposition to be filed within 7 days of this motion. The Sony Defendants have not yet determined if they will oppose this motion.

1.   MONKEYmedia's patents in the above-styled lawsuits are divided into two distinct patent families: The "Seamless Contraction" patents and the "Seamless Expansion" patents.

2.   The Seamless Expansion patents, which include the '158 Patent, have been the subject of reexamination proceedings in the USPTO. Based on these reexamination proceedings, the Court stayed this litigation on July 27, 2011, until the USPTO had fully reexamined the '158 Patent and the other two Seamless Expansion patents-in-suit that are the subject of reexamination. (Docket No. 105) [1] In March 2013, this Court denied MONKEYmedia's motion to partially lift the stay and ordered the parties to promptly advise the Court when reexamination proceedings at the USPTO are complete. (Doc. No. 122)

3.   The reexamination proceedings at the USPTO are now complete. In the reexamination of the '158 Patent, Claims 1-34 were cancelled, and new Claims 35-41 were added and determined to be patentable. On October 1, 2013, MONKEYmedia formally disclaimed all claims in U.S. Patent Nos. 7,890,648 ('648) and 7,467,218 ('218) to bring an end to those reexamination proceedings (which probably would not have otherwise been finally

---

[1]   Special Master Bayer issued his report and recommendations regarding construction of the asserted claims in the Seamless Contraction patents on September 5, 2012. On February 22, 2013, the Court accepted the Special Master's Report and Recommendations. MONKEYmedia has notified Defendants that, subject to MONKEYmedia's right to fully appeal the claim construction issues, MONKEYmedia is willing to stipulate that Defendants do not infringe the Seamless Contraction patents based on the current claim construction. The Parties are in the process of preparing the necessary pleadings reflecting this stipulation.

concluded until at least 2015) and allow this litigation to proceed.

4.     Thus, none of the patents-in-suit are presently subject to reexamination, the proceedings before the USPTO are complete, and the Court's reason for issuing the stay no longer exists.  Based on these developments, MONKEYmedia requests that the Court lift the stay and allow the parties to proceed with their claims and defenses.

5.     MONKEYmedia also requests that the Court grant leave, allowing MONKEYmedia to file supplemental complaints to assert infringement of the new claims in the '158 Patent that were allowed after reexamination and found to be patentable by the USPTO. These new claims are based on the same specification and figures as the other claims that were canceled in the reexamination proceeding. The Second Supplemental Complaint that MONKEYmedia proposes to file in the "00319" action against Apple, Inc. is attached as Exhibit 2. The Supplemental Complaint that MONKEYmedia proposes to file in the "00533" action against the Studio Defendants and Sony is attached as Exhibit 3.

WHEREFORE, PREMISES CONSIDERED, MONKEYmedia respectfully requests that the Court lift the stay set out in the July 27, 2011 Order, and permit the parties to continue prosecuting their claims and defenses.  MONKEYmedia further requests that it be granted leave to file a supplemental complaint in both actions to assert the new claims in the '158 Patent that were allowed after reexamination and found to be patentable by the USPTO.  MONKEYmedia also requests such other and further relief to which it may be justly entitled.

[Signature Block is on next page]

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY
A Professional Corporation
401 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 480-5600 Telephone
(512) 480-5853 Telecopier

By:     /s/ Steven D. Smit
        Steven D. Smit
        State Bar ID No. 18527500
        William G. Christian
        State Bar ID No. 00793505
        Matthew C. Powers
        State Bar ID No. 24046650

ATTORNEYS FOR PLAINTIFF MONKEYMEDIA, INC.

## CERTIFICATE OF CONFERENCE

I hereby certify that I discussed with Defendants' counsel in both actions the relief that MONKEYmedia intended to seek in this Motion. They subsequently confirmed by email that Defendants, other than the Sony Defendants, do not oppose MONKEYmedia's motion to lift the stay or its motion for leave to file a supplemental complaint, provided that MONKEYmedia does not oppose Defendants' request for an early supplemental Markman Hearing on the newly asserted claims, which they will set forth in a Statement of Non-Opposition to be filed within 7 days of this motion. According to counsel for the Sony Defendants, as of March 21, 2014, the Sony Defendants have not yet determined if they will oppose this motion.

                          /s/ Steven D. Smit
                          Steven D. Smit

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 21, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following in No. 1:10-CV-00319:

Vincent J. Belusko
Bita Rahebi
Alex S. Yap
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, CA 90013-1024

Alan D. Albright
Brian C. Nash
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, TX 78701

<u>/s/ Steven D. Smit</u>
Steven D. Smit

I hereby certify that on March 21, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following in No. 1:10-CV-00533:

Vincent J. Belusko
Nicole M. Smith
Scott C. Moore
Jason J. Lee
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, CA 90013-1024

Richard D. Milvenan
MCGINNIS, LOCHRIDGE &
KILGORE LLP
600 Congress Ave., Suite 2100
Austin, TX 78701

John Flock
Mark A. Hanneman
Mark A. Chapman
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007

B. Russell Horton
KINCAID & HORTON LLP
114 West 7th Street, Suite 1100
Austin, TX 78701

<u>/s/ Steven D. Smit</u>
Steven D. Smit

US006393158C1

(12) **EX PARTE REEXAMINATION CERTIFICATE** (9522nd)
# United States Patent
Gould et al.

(10) **Number:** US 6,393,158 C1
(45) **Certificate Issued:** Feb. 22, 2013

(54) **METHOD AND STORAGE DEVICE FOR EXPANDING AND CONTRACTING CONTINUOUS PLAY MEDIA SEAMLESSLY**

(75) Inventors: **Eric Justin Gould**, Austin, TX (US); **Rachel M. Strickland**, San Francisco, CA (US)

(73) Assignee: **Monkey Media, Inc.**, Austin, TX (US)

**Reexamination Request:**
No. 90/011,365, Dec. 3, 2010

**Reexamination Certificate for:**
Patent No.: **6,393,158**
Issued: **May 21, 2002**
Appl. No.: **09/298,336**
Filed: **Apr. 23, 1999**

(51) **Int. Cl.**
*G06K 9/40* (2006.01)

(52) **U.S. Cl.** ..... 382/254; 386/248; 386/343; 386/E5.07; 375/E7.004

(58) **Field of Classification Search** ........................ None
See application file for complete search history.

(56) **References Cited**

To view the complete listing of prior art documents cited during the proceeding for Reexamination Control Number

90/011,365, please refer to the USPTO's public Patent Application Information Retrieval (PAIR) system under the Display References tab.

*Primary Examiner* — Rachna Desai

(57) **ABSTRACT**

One aspect of the invention is a method for playing a stored content providing a plurality of segments which collectively contains the stored content, each segment has using first terminus and a second terminus with the content having a temporal flow from the first terminus to the second terminus. At least one segment is associated with a plurality of links to other segments. The method includes playing at least one segment with the temporal flow, determining whether a content expansion is desired prior to reaching the second terminus. If the content expansion is desired, then linking to an expansion segment and playing the expansion segment. If the content expansion is not desired, then linking to a continuing segment and playing the continuing segment. The method includes an additional link from the expansion segment to the continuing segment such that the continuing segment is played after the expansion segment has been played. Other aspects of the invention include other methods for playing stored content, for capturing and playing content, capturing segment and linkage descriptions, storage devices of the segment content, storage mechanisms referencing the continuous media content by segments and linkages and apparatus for capturing and playing continuous media content.



US 6,393,158 C1

**1**

# EX PARTE
# REEXAMINATION CERTIFICATE
# ISSUED UNDER 35 U.S.C. 307

THE PATENT IS HEREBY AMENDED AS
INDICATED BELOW.

Matter enclosed in heavy brackets [ ] appeared in the
patent, but has been deleted and is no longer a part of the
patent; matter printed in italics indicates additions made
to the patent.

AS A RESULT OF REEXAMINATION, IT HAS BEEN
DETERMINED THAT:

Claims **1-34** are cancelled.

New claims **35-41** are added and determined to be
patentable.

*35. A method for playing a stored content comprising:*
*providing a plurality of segments which collectively com-*
*prise said stored content, wherein each of said segments*
*has a first terminus and a second terminus; wherein*
*content in each of said segments has a temporal flow*
*from said first terminus to said second terminus, and*
*wherein at least one segment is associated with a plu-*
*rality of links to a corresponding plurality of other of*
*said segments;*
*playing said at least one segment with said temporal flow;*
*determining prior to reaching said second terminus*
*whether a content expansion is desired;*
*linking to an expansion segment and playing said expan-*
*sion segment if said content expansion is desired and to*
*a continuing segment and playing said continuing seg-*
*ment if said content expansion is not desired, where*
*there is an additional link from said expansion segment*
*to said continuing segment such that said continuing*
*segment is played after said expansion segment has been*
*played;*
*wherein playing said segments further comprises high-*
*lighting an expansion segment cue corresponding to one*
*of said expansion links; and wherein determining prior*
*to reaching said second terminus whether a content*
*expansion is desired further comprises determining*
*whether said expansion segment cue is selected;*
*wherein playing said segments further comprises playing*
*at least one discernible entity and wherein highlighting*
*said expansion segment cue comprises highlighting*
*associated with one of said discernible entities;*
*wherein linking to said expansion segment and playing*
*said expansion segment further comprises playing a*
*transition from said highlighting said associated dis-*
*cernible entity to said playing said expansion segment; and*
*wherein the additional link from said expansion segment to*
*said continuing segment comprises calculating the first*
*terminus of the continuing segment by reference to a*
*continuity link offset after determining whether a con-*
*tent expansion is desired and wherein playing said con-*
*tinuing segment begins at said first terminus of said*
*continuing segment.*

*36. A method for playing a stored content as recited in*
*claim 35 wherein the continuity link offset is greater than zero.*

*37. A method for playing a stored content comprising:*
*providing a plurality of segments which collectively com-*
*prise said stored content, wherein each of said segments*
*has a first terminus and a second terminus; wherein*
*content in each of said segments has a temporal flow*

**2**

*from said first terminus to said second terminus, and*
*wherein at least one segment is associated with a plu-*
*rality of links to a corresponding plurality of other of*
*said segments;*
*playing said at least one segment with said temporal flow;*
*determining prior to reaching said second terminus*
*whether a content expansion is desired;*
*linking to an expansion segment and playing said expan-*
*sion segment if said content expansion is desired and to*
*a continuing segment and playing said continuing seg-*
*ment if said content expansion is not desired, where*
*there is an additional link from said expansion segment*
*to said continuing segment such that said continuing*
*segment is played after said expansion segment has been*
*played;*
*wherein playing said segments further comprises high-*
*lighting an expansion segment cue corresponding to one*
*of said expansion links; and wherein determining prior*
*to reaching said second terminus whether a content*
*expansion is desired further comprises determining*
*whether said expansion segment cue is selected; and*
*wherein said expansion segment cue is one of a plurality of*
*expansion cues in an expansion cue container.*

*38. A method for playing a stored content as recited in*
*claim 37 wherein determining whether said expansion seg-*
*ment cue has been selected comprises determining if*
*the expansion cue container has been selected for visual*
*display.*

*39. A method for playing a stored content as recited in*
*claim 38 wherein determining whether said expansion seg-*
*ment cue has been selected further comprises causing selec-*
*tion of at least one other expansion cue from the plurality of*
*expansion cues if said expansion segment cue has been*
*selected.*

*40. A method for playing a stored content comprising:*
*providing a plurality of segments which collectively com-*
*prise said stored content, wherein each of said segments*
*has a first terminus and a second terminus; wherein*
*content in each of said segments has a temporal flow*
*from said first terminus to said second terminus, and*
*wherein at least one segment is associated with a plu-*
*rality of links to a corresponding plurality of other of*
*said segments;*
*playing said at least one segment with said temporal flow;*
*determining prior to reaching said second terminus*
*whether a content expansion is desired;*
*linking to an expansion segment and playing said expan-*
*sion segment if said content expansion is desired and to*
*a continuing segment and playing said continuing seg-*
*ment if said content expansion is not desired, where*
*there is an additional link from said expansion segment*
*to said continuing segment such that said continuing*
*segment is played after said expansion segment has been*
*played;*
*wherein playing said segments further comprises high-*
*lighting an expansion segment cue corresponding to one*
*of said expansion links;*
*wherein determining prior to reaching said second termi-*
*nus whether a content expansion is desired further com-*
*prises determining whether said expansion segment cue*
*is selected;*
*wherein the expansion segment cue is visual and changes in*
*appearance if said expansion segment cue has been*
*selected; and*
*wherein the change in appearance of said expansion seg-*
*ment cue comprises expanding in size.*

US 6,393,158 C1

3

41. A method for playing a stored content comprising:

providing a plurality of segments which collectively comprise said stored content, wherein each of said segments has a first terminus and a second terminus; wherein content in each of said segments has a temporal flow from said first terminus to said second terminus, and wherein at least one segment is associated with a plurality of links to a corresponding plurality of other of said segments;

playing said at least one segment with said temporal flow;

determining prior to reaching said second terminus whether a content expansion is desired;

linking to an expansion segment and playing said expansion segment if said content expansion is desired and to a continuing segment and playing said continuing segment if said content expansion is not desired, where

4

there is an additional link from said expansion segment to said continuing segment such that said continuing segment is played after said expansion segment has been played;

wherein playing said segments further comprises highlighting an expansion segment cue corresponding to one of said expansion links;

wherein determining prior to reaching said second terminus whether a content expansion is desired further comprises determining whether said expansion segment cue is selected; and

wherein determining whether said expansion segment cue is selected comprises determining whether the user has made a motion to select said expansion cue without pushing a button on a selector device.

*   *   *   *   *

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MONKEYMEDIA, INC., | ) | CIVIL ACTION NO.  1:10-cv-00319 |
| Plaintiff, | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| APPLE, INC., | ) | |
| Defendant. | ) | |

## SECOND SUPPLEMENTAL COMPLAINT

MONKEYmedia, Inc. brings this Second Supplemental Complaint against Apple, Inc. for infringement of new claims in U.S. Patent No. 6,393,158 ('158) that were determined to be patentable by the United States Patent and Trademark Office, following reexamination.

### I.    PARTIES

1.    Plaintiff MONKEYmedia, Inc. ("MONKEYmedia") is a Texas corporation with its principal place of business in Austin, Texas.

2.    Defendant Apple, Inc. ("Apple") has appeared and answered herein.

### II.    JURISDICTION AND VENUE

3.    Plaintiff MONKEYmedia asserts causes of action under 35 U.S.C. § 271 for infringement of the '158 Patent.  This Court has original and exclusive subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338(a).

4.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

### III.    The '158 Patent

5.    As described in Plaintiff's underlying Complaint, Eric Gould Bear, the founder of MONKEYmedia, is a prolific inventor and is named as the first inventor in over 100 patents and

patent applications. The '158 Patent is in the "Seamless Expansion" patent family.   The inventions in the Seamless Expansion patent family, which were conceived by Bear and his co-inventor at least as early as 1994, concern the display of optional content in the context of audio-visual content streams.   MONKEYmedia is the owner by assignment of all right, title and interest in and to the '158 Patent.

6.     After MONKEYmedia filed the above-referenced lawsuit, defendants in this action and a related action filed a request for *ex parte* reexamination of the '158 Patent on December 3, 2010.   This petition was granted, and, based on the reexamination, Claims 1-34 were cancelled, and new Claims 35-41 were added and determined to be patentable.   A true and correct copy of the "Ex Parte Reexamination Certificate Issued Under 35 U.S.C. §307", which was issued on February 22, 2013, is attached hereto as Exhibit 1.

7.     The relevant claims in the '158 Patent are generally directed towards methods for playing stored content, such as audiovisual content on DVDs and Blu-ray discs, by playing a "main" video segment and determining whether a content expansion is desired.   If a content expansion is desired, then the expansion is played rather than the next ("continuing") segment of the main video.   After the viewer finishes with the expansion, the main video resumes.   If a content expansion is not desired, the continuing segment of the main video is played.

8.     The methods claimed in the '158 Patent are also relevant to the playing of certain interactive ads and similar content on computers, including mobile devices.   For example, Apple has introduced iPhone and iPod Touch devices with the iOS operating system and also introduced the iPad.   These devices have a platform that allows advertisers to display a banner or other cue on the device while a user is listening to audio or watching a video in a particular application. If the system running the application determines that the content expansion is

desired by the viewer (i.e. the viewer has clicked on the banner), the device pauses the main audio and/or video and causes the ad or other expansion content to take over the screen and play in the application rather than playing the next ("continuing") portion of the main audio and/or video. After the viewer finishes with the expansion, the main audio and/or video resumes. If the expansion content is not desired, the device plays the next portion of the main audio and/or video.

### IV.   CAUSES OF ACTION

#### Infringement of the '158 Patent

9.      MONKEYmedia reincorporates by reference and realleges paragraphs 1 through 8 above as if fully set forth herein.

10.     Apple has, without authority, consent, right, or license, and in direct infringement of the '158 Patent in violation of 35 U.S.C. § 271(a), practiced the methods claimed in the '158 Patent. Specifically, products manufactured, sold and offered for sale by Apple practice each step of the methods in one or more of claims 35-41 of the '158 Patent.

11.     Moreover, Apple has indirectly infringed the '158 Patent in connection with its products in violation of 35 U.S.C. § 271(b), by actively inducing third parties, such as advertisers, developers and/or users to directly infringe the claims of the '158 Patent. This active inducement includes encouraging such parties to directly infringe the '158 Patent by carrying out the methods disclosed in those claims on the Apple Devices.

12.     Apple has also created and/or distributed in the United States, features incorporated into its products, knowing that such features are especially made and adapted for use in infringing the '158 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use. Third parties, such as advertisers, developers and/or users directly

infringe these claims by practicing the methods in connection with Apple devices that provide the opportunity for Seamless Expansion.    This conduct by Apple constitutes contributory infringement under 35 U.S.C. § 271(c).

## V.    JURY DEMAND

13.    MONKEYmedia demands a trial by jury on all issues.

## VI.    PRAYER

14.    WHEREFORE, MONKEYmedia respectfully requests the following relief:

(a)    That this Court find Apple has committed acts of patent infringement in violation of the Patent Act, 35 U.S.C. § 271;

(b)    That this Court enter judgment that:

(i)    MONKEYmedia is the owner of the MONKEYmedia '158 Patent and all rights of recovery thereunder;

(ii)    The MONKEYmedia '158 Patent is valid and enforceable; and

(iii)    Apple has infringed the MONKEYmedia '158 Patent;

(c)    That, after trial, this Court enter an injunction enjoining Apple, its officers, agents, servants, employees, and attorneys, and any other person in active concert or participation with them, from continuing the acts herein complained of, and more particularly, that Apple and such other persons be permanently enjoined and restrained from further infringing the MONKEYmedia '158 Patent, including in connection with the accused products;

(d)    That this Court require Apple to file with this Court, within thirty (30) days after the entry of final judgment, a written statement under oath setting forth in detail the manner in which Apple has complied with the injunction;

(e)    That the Court award MONKEYmedia damages of no less than a reasonable royalty that have been incurred as a result of Apple's patent infringement, with pre-judgment interest;

(f)    That this Court award MONKEYmedia its costs and disbursements in this action;

(g)    That this Court award MONKEYmedia post-judgment interest on all amounts awarded to it, at the maximum rate allowed by law; and

(j)     That this Court grant MONKEYmedia all further relief to which it may be entitled.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY
A Professional Corporation
401 Congress Avenue, Suite 2200, P. O. Box 98
Austin, Texas 78701
512-480-5600 Tel./512- 480-5853 Telecopier


By:     /s/ Steven D. Smit
        Steven D. Smit
        State Bar ID No. 18527500
        William G. Christian
        State Bar ID No. 00793505
        Matthew C. Powers
        State Bar ID No. 24046650

ATTORNEYS FOR PLAINTIFF
MONKEYMEDIA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of this filing to the following:                    .

Vincent J. Belusko (admitted Pro Hac Vice)
Bita Rahebi (admitted Pro Hac Vice)
Alex S. Yap (admitted Pro Hac Vice)
MORRISON & FOERSTER LLP
707 Wilshire Blvd, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Alan D. Albright (State Bar No. 00973650)
Brian C. Nash (State Bar No. 24051103)
BRACEWELL & GIULIANI LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701
Telephone: (512) 472-7800
Facsimile: (512) 472-9123

/s/ Steven D. Smit
Steven D. Smit

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| MONKEYMEDIA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BUENA VISTA HOME ENTERTAINMENT, INC. d/b/a WALT DISNEY STUDIOS HOME ENTERTAINMENT; TWENTIETH CENTURY FOX HOME ENTERTAINMENT, LLC; LIONS GATE ENTERTAINMENT INC.; PARAMOUNT PICTURES CORPORATION; SONY PICTURES HOME ENTERTAINMENT; SONY ELECTRONICS, INC.; SONY COMPUTER ENTERTAINMENT AMERICA LLC; WARNER HOME VIDEO, INC.; and UNIVERSAL STUDIOS INC., <br><br> Defendants. | CIVIL ACTION NO.: 1:10-CV-00533 <br><br> **JURY TRIAL DEMANDED** |

## SUPPLEMENTAL COMPLAINT FOR PATENT INFRINGEMENT

MONKEYmedia, Inc. brings this Supplemental Complaint for infringement of new claims in U.S. Patent No. 6,393,158 ('158) against Buena Vista Home Entertainment, Inc. d/b/a Walt Disney Studios Home Entertainment ("Disney"); Twentieth Century Fox Home Entertainment, LLC, ("Fox"); Lions Gate Entertainment Inc. ("Lions Gate"); Paramount Home Entertainment, a division of Paramount Pictures Corporation ("Paramount"); Sony Pictures Home Entertainment, Sony Electronics, Inc. and Sony Computer Entertainment America LLC ("Sony"); Warner Home Video, Inc. ("Warner"); and Universal Studios Home Entertainment, a division of Universal Studios Inc. ("Universal"). Defendants, other than Sony Electronics, Inc., and Sony Computer Entertainment America LLC, are collectively referred to herein as the "Studio Defendants".

1

## I.   **PARTIES**

1.      Plaintiff MONKEYmedia, Inc. ("MONKEYmedia") is a Texas corporation with its principal place of business in Austin, Texas.

2.      Defendant BUENA VISTA HOME ENTERTAINMENT, INC. d/b/a WALT DISNEY STUDIOS HOME ENTERTAINMENT has appeared and answered in this cause.

3.      Defendant TWENTIETH CENTURY FOX HOME ENTERTAINMENT, LLC, has appeared and answered in this cause.

4.      Defendant LIONS GATE ENTERTAINMENT INC. , which is being substituted as a defendant for LIONS GATE ENTERTAINMENT CORP., has appeared and answered in this cause.

5.      Defendant PARAMOUNT HOME ENTERTAINMENT is a division of PARAMOUNT PICTURES CORPORATION and has appeared and answered in this cause.

6.      Defendant SONY PICTURES HOME ENTERTAINMENT has appeared and answered in this cause.

7.      Defendant SONY ELECTRONICS, INC. has appeared and answered in this cause.

8.      Defendant SONY COMPUTER ENTERTAINMENT AMERICA, LLC has appeared and answered in this cause.

9.      Defendant WARNER HOME VIDEO, INC. has appeared and answered in this cause.

10.      Defendant UNIVERSAL STUDIOS HOME ENTERTAINMENT is a division of UNIVERSAL STUDIOS INC. and has appeared and answered in this cause.

## II.    JURISDICTION AND VENUE

11.    Plaintiff MONKEYmedia asserts causes of action under 35 U.S.C. § 271 for infringement of United States Patents owned by MONKEYmedia.  This Court has original and exclusive subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338(a). Sony Electronics, Inc., Sony Computer Entertainment America LLC and the Studio Defendants are each subject to personal jurisdiction, because each Defendant has transacted business in this state, contracted to supply services or products in this state, and/or caused tortious injury in this state.

12.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Sony Electronics, Inc., Sony Computer Entertainment America LLC and the Studio Defendants each conduct business within this district.  Additionally, events giving rise to this suit occurred in this district, including acts of infringement by each of the Defendants.

## III.    MONKEYmedia's PATENTS

13.    As described in Plaintiff's underlying Complaint, Eric Gould Bear, the founder of MONKEYmedia, is a prolific inventor and is named as the first inventor in over 100 patents and patent applications.  The '158 Patent is in the "Seamless Expansion" patent family.   The inventions in the Seamless Expansion patent family, which were conceived by Bear and his co-inventor at least as early as 1994, concern the display of optional content in the context of audio-visual content streams.   MONKEYmedia is the owner by assignment of all right, title and interest in and to the '158 Patent.

14.    After MONKEYmedia filed the above-referenced lawsuit, defendants in this action and a related action filed a request for *ex parte* reexamination of the '158 Patent on

3

December 3, 2010.  This petition was granted, and, based on the reexamination, Claims 1-34 were cancelled, and new Claims 35-41 were added and determined to be patentable.  A true and correct copy of the "Ex Parte Reexamination Certificate Issued Under 35 U.S.C. §307", which was issued on February 22, 2013, is attached hereto as Exhibit 1.

15.     The relevant claims in the '158 Patent are generally directed towards methods for playing stored content, such as audiovisual content on DVDs and Blu-ray discs, by playing a "main" video segment and determining whether a content expansion is desired.  If a content expansion is desired, then the expansion is played rather than the next ("continuing") segment of the main video.  After the viewer finishes with the expansion, the main video resumes.  If a content expansion is not desired, the continuing segment of the main video is played.

## IV.     INFRINGEMENT IN CONNECTION WITH DVD AND BLU-RAY DISCS

16.     One category of special features commonly included by Studio Defendants on DVDs and Blu-ray discs, allows a viewer watching a movie on a device with a DVD or Blu-ray player to access and view "bonus" content, such as "behind the scenes" featurettes, and then resume watching the movie after finishing with the "bonus" content.  MONKEYmedia refers to this category of special features as "Seamless Expansion."  On DVDs having the opportunity for Seamless Expansion, a viewer usually is alerted to the existence of bonus content pertaining to a particular scene by the display of a cue during that scene. If the cue is selected, the movie appears to pause and the bonus content is displayed.  When the bonus content is finished, the movie resumes. If the cue is not selected, the cue display typically disappears after a few seconds, and the "bonus" content no longer is available for viewing in the context of that scene. This type of Seamless Expansion is referred to by MONKEYmedia as "Scripted Seamless Expansion."

17.    On Blu-ray discs having Seamless Expansion, the viewer may be presented with a cue about available "bonus" content during particular scenes ("Scripted Seamless Expansion") and/or may be able to use the Blu-ray player to access expansion content at any time while watching the movie – a feature that MONKEYmedia calls "Impromptu Seamless Expansion."  In either scenario, if the viewer chooses to watch the expansion content, the main video is paused and the expansion content is displayed.  When the viewer is finished with the expansion content, the main video resumes.

18.    By creating and/or distributing DVDs and Blu-ray discs that provide opportunities for Seamless Expansion, each of the Studio Defendants has infringed claims in the '158 Patent. The full extent of each of the Studio Defendants' infringement in connection with discs cannot be known without obtaining discovery from the Studio Defendants about the creation of the discs having "bonus content" and special features to accompany movies and other audiovisual content.

## V.   INFRINGEMENT IN CONNECTION WITH MANUFACTURE AND SALE OF DVD AND BLU-RAY PLAYERS

19.    In addition to creating and/or distributing infringing DVDs and Blu-ray discs through Sony's Home Entertainment arm, Sony also manufactures, sells and offers to sell entertainment systems, computer systems and stand-alone players for playing Sony's own infringing DVD and Blu-ray discs and the infringing discs of the other companies, including the Studio Defendants. For example, Defendant Sony Electronics, Inc., manufactures and sells stand-alone DVD and Blu-ray players, and home theater systems, as well as Vaio® laptop computers and Vaio® all-in-one desktop PCs.   As another example, defendant Sony Computer Entertainment America LLC manufactures and sells the popular PlayStation® "entertainment systems" which have a DVD and/or Blu-ray player.  Each of these products has the ability to play infringing DVD and/or Blu-ray discs having opportunities for Seamless Expansion.

20.     The DVD and Blu-Ray players manufactured and/or sold by Sony that perform Seamless Expansion when select Discs are playing are collectively referred to herein as the "Sony Infringing Players".

## VI.    INFRINGEMENT IN CONNECTION WITH MANUFACTURE AND SALE OF COMPUTERS AND MOBILE DEVICES

21.     The methods claimed in the '158 Patent are also relevant to the playing of certain interactive ads and similar content on computers, including mobile devices. For example, Sony has introduced a line of mobile devices under the name Sony Xperia. These devices have a platform that allows advertisers to display a banner or other cue on the device while a user is listening to audio or watching a video in a particular application. If the system running the application determines that the content expansion is desired by the viewer (i.e. the viewer has clicked on the banner), the device pauses the main audio and/or video and causes the ad or other expansion content to take over the screen and play in the application rather than playing the next ("continuing") portion of the main audio and/or video. After the viewer finishes with the expansion, the main audio and/or video resumes.  If the expansion content is not desired, the device plays the next portion of the main audio and/or video.

22.     The mobile devices and computers manufactured and/or sold by Sony that perform Seamless Expansion when select applications are playing are collectively referred to herein as the "Sony Infringing Devices".

## VII.    CAUSES OF ACTION

### Infringement of the '158 Patent (Sony Infringing Players and Devices)

23.     MONKEYmedia reincorporates by reference and realleges paragraphs 1 through 22 above as if fully set forth herein.

24.     Sony has, without authority, consent, right, or license, and in direct infringement of the '158 Patent in violation of 35 U.S.C. § 271(a), practiced the methods claimed in the '158 Patent.  Specifically, Sony Infringing Players practice each step of the methods claimed in one or more of claims 35-41 of the '158 Patent when playing a DVD or Blu-ray disc with the opportunity for Seamless Expansion.  Alternatively, Sony Infringing Players, in combination with Sony DVDs and/or Blu-ray discs providing the opportunity for Seamless Expansion, practice each step of the methods claimed in one or more of claims 35-41 of the '158 Patent.  Moreover,  the Sony Infringing Devices practice each step of the methods claimed in one or more of claims 35-41 of the '158 Patent when playing video and/or audio through an application that provides Seamless Expansion.

25.     Sony has also indirectly infringed the '158 Patent in connection with Sony Infringing Players and Sony Infringing Devices in violation of 35 U.S.C. § 271(b), by actively inducing viewers to directly infringe one or more of claims 35-41 of the '158 Patent. This active inducement includes encouraging viewers to directly infringe the '158 Patent by using Sony Infringing Players and Sony DVDs or Blu-ray discs that allow for Seamless Expansion, to practice the methods in the identified claims.

26.     As a result of Sony's infringement of the '158 Patent in connection with Sony Infringing Players and Sony Infringing Devices, MONKEYmedia has been damaged, and will continue to be damaged unless Sony is enjoined by this Court.

**B.      Infringement of the '158 Patent (Studio Defendants' DVD and Blu-ray Discs)**

27.     MONKEYmedia reincorporates by reference and realleges paragraphs 1 through 22 above as if fully set forth herein.

28.     Each of the Studio Defendants has indirectly infringed the '158 Patent by actively inducing manufacturers of DVD and Blu-ray players and/or end users to directly infringe one or more of claims 35-41 of the '158 Patent. This active inducement includes encouraging end users to purchase DVDs and Blu-ray discs that allow for Seamless Expansion, knowing that the viewers will use their DVD/Blu-ray players to directly infringe the '158 Patent by carrying out the methods disclosed in those claims. Upon information and belief, Sony's wrongful inducement is especially blatant because it actively encourages such users to purchase Sony DVDs and Blu-ray discs that allow for Seamless Expansion and play them on Sony Infringing Players to directly infringe one or more of claims 35-41 of the '158 Patent. This conduct constitutes infringement under 35 U.S.C. § 271(b).

29.     Each of the Studio Defendants has also created and/or distributed in the United States, features incorporated into the DVDs and Blu-ray discs that allow for Seamless Expansion, knowing that such features are especially made and adapted for use in infringing the methods described in one or more of claims 35-41 of the '158 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  The manufacturers of DVD and Blu-ray players and/or end users directly infringe these claims by carrying out the methods disclosed in those claims when playing a DVD or Blu-ray disc that allows for Seamless Expansion.  This conduct by the Studio Defendants constitutes contributory infringement under 35 U.S.C. § 271(c).

30.     As a result of the Defendants' infringement of the '158 Patent, MONKEYmedia has been damaged, and will continue to be damaged unless each of the Defendants is enjoined by this Court.

VIII.  **JURY DEMAND**

31.     MONKEYmedia demands a trial by jury on all issues.

IX.   **PRAYER**

30.     WHEREFORE, MONKEYmedia respectfully requests the following relief:

(a)     That this Court find each of the Defendants has committed acts of patent infringement in violation of the Patent Act, 35 U.S.C. § 271;

(b)     That this Court enter judgment that:

    (i)     MONKEYmedia is the owner of the MONKEYmedia '158 Patent and all rights of recovery thereunder;

    (ii)     The MONKEYmedia '158 Patent is valid and enforceable; and

    (iii)     Each Defendant has infringed the MONKEYmedia '158 Patent;

(c)     That, after trial, this Court enter an injunction enjoining each Defendant, its officers, agents, servants, employees, and attorneys, and any other person in active concert or participation with them, from continuing the acts herein complained of, and more particularly, that each Defendant and such other persons be permanently enjoined and restrained from further infringing the MONKEYmedia '158 Patent, including in connection with the accused products;

(d)     That this Court require each Defendant to file with this Court, within thirty (30) days after the entry of final judgment, a written statement under oath setting forth in detail the manner in which each Defendant has complied with the injunction;

(e)     That the Court award MONKEYmedia damages of no less than a reasonable royalty that have been incurred as a result of Defendants' patent infringement, with pre-judgment interest;

(f)     That this Court award MONKEYmedia its costs and disbursements in this action;

(g)     That this Court award MONKEYmedia post-judgment interest on all amounts awarded to it, at the maximum rate allowed by law; and

(j)     That this Court grant MONKEYmedia all further relief to which it may be entitled.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY
A Professional Corporation
401 Congress Avenue, Suite 2200, P. O. Box 98
Austin, Texas 78701
512-480-5600 Telephone/512- 480-5853 Telecopier


By:    /s/ Steven D. Smit_____
       Steven D. Smit
       State Bar ID No. 18527500
       Eric G. Behrens
       State Bar ID No. 02050700
       William G. Christian
       State Bar ID No. 00793505
       Matthew C. Powers
       State Bar ID No. 24046650

ATTORNEYS FOR PLAINTIFF
MONKEYMEDIA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following:

*Attorneys for Defendants Buena Vista Home Entertainment, Inc. d/b/a Walt Disney Studios Home Entertainment; Twentieth Century Fox Home Entertainment, LLC; Lions Gate Entertainment Inc.; Paramount Pictures Corporation; Warner Home Video, Inc. and Universal Studios, Inc.:*
Vincent J. Belusko (admitted Pro Hac Vice)
Nicole M. Smith (admitted Pro Hac Vice)
Scott C. Moore (admitted Pro Hac Vice)
**MORRISON & FOERSTER LLP**
707 Wilshire Blvd, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Richard D. Milvenan
**MCGINNIS LOCHRIDGE, LLP**
600 Congress Ave., Suite 2100
Austin, Texas 78701
Telephone: (512) 495-6005
Facsimile: (512) 505-6305
*Attorneys for Defendants Sony Pictures Home Entertainment, Sony Electronics, Inc. and Sony Computer Entertainment America LLC:*

B. Russell Horton
**GEORGE BROTHERS KINCAID & HORTON, LLP**
114 West 7th Street, Suite 1100
Austin, Texas 78701
Telephone: (512) 499-0999
Facsimile: (512) 499-0816

John Flock
Mark A. Hanneman
Mark A. Chapman
**KENYON & KENYON, LLP**
One Broadway
New York, NY 10004-1007
Telephone: (212) 908-6490
Facsimile: (212) 425-5288

/s/ Steven D. Smit
Steven D. Smit

11