FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS** 2017 MAR 16 AM 9: 05
**AUSTIN DIVISION**

CLERK U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____

**MONKEYMEDIA, INC.,**
              **Plaintiff,**

-vs-                                                                    **CAUSE NO.:**
                                                                       **A-10-CA-00533-SS**

**TWENTIETH CENTURY FOX HOME**
**ENTERTAINMENT, LLC,**
**PARAMOUNT HOME**
**ENTERTAINMENT, A DIVISION OF**
**PARAMOUNT PICTURES**
**CORPORATION, WARNER HOME**
**VIDEO, INC., UNIVERSAL STUDIOS**
**HOME ENTERTAINMENT, A**
**DIVISION OF UNIVERSAL STUDIOS**
**INC., BUENA VISTA HOME**
**ENTERTAINMENT, INC. d/b/a WALT**
**DISNEY STUDIOS HOME**
**ENTERTAINMENT, and LIONS GATE**
**ENTERTAINMENT INC.,**
              **Defendants.**

# <u>O R D E R</u>

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause,

and specifically Plaintiff's Motion for Partial Summary Judgment [#351], Defendants' Response

[#352] in opposition, and Plaintiff's Reply [#353] in support. Having reviewed the documents,

the arguments of the parties at the hearing, the governing law, and the file as a whole, the Court

now enters the following opinion and order.

## Background

This case involves a patent infringement suit brought by MONKEYmedia, Inc. against

Defendants. As recounted in the Court's previous orders, MONKEYmedia owns a family of

patents known as the "Seamless Expansion " patents. One of these patents, the '158 Patent,

provides for a method that allows a user playing multimedia content to temporarily halt playback

of a device's main content and play optional "expansion" content. *See* Order of Dec. 8, 2016 [#349]; Order of Aug. 11, 2015 [#305]. MONKEYmedia claims Defendants infringed the '158 Patent through the marketing and sale of movies on Blu-ray and DVD discs.

Defendants have alleged inequitable conduct as an affirmative defense and filed counterclaims seeking declarations that the '158 Patent is invalid due to MONKEYmedia's allegedly inequitable conduct. *See, e.g.*, Def. Buena Vista Answer and Countercl. [#269] at 9, 11–24. Specifically, Defendants charge MONKEYmedia with two instances of inequitable conduct: (1) MONKEYmedia's failure to disclose during the '158 Patent reexamination prior art previously disclosed during the reexamination of '143 Patent, a related patent in the Seamless Expansion family; and (2) MONKEYmedia's failure to disclose during the original prosecution of the '158 Patent two co-pending applications in the Seamless Expansion family.

MONKEYmedia has moved for partial summary judgment on Defendants' affirmative defense and counterclaims based on inequitable conduct, arguing Defendants cannot, as a matter of law, prove inequitable conduct in either the original prosecution of the '158 Patent or its reexamination. *See* Pl.'s Mot. Summ. J. [#351]. The parties fully briefed the motion, and it is now ripe for the Court's consideration.

## Analysis

### I.   Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a

reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing

sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.  Application

MONKEYmedia moves for partial summary judgment on Defendants' affirmative defense and counterclaims relating to unenforceability due to inequitable conduct. Defendants alleges MONKEYmedia engaged in inequitable conduct in at least two ways: (1) failing to disclose material prior art cited in the '143 Patent reexamination during the reexamination of the '158 Patent, and (2) failing to disclose during the original prosecution of the '158 Patent the existence of two co-pending applications in the Seamless Expansion family.

The inequitable conduct defense arises from the duty of candor the Patent and Trademark Office (PTO) imposes on every individual involved in the filing and prosecution of a patent application. *See* 37 C.F.R. § 1.56(a) ("Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the [Patent] Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section."). A party asserting inequitable conduct "must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011). These two elements must be proved by clear and convincing evidence. *Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988).

Information is "material" for purposes of inequitable conduct "if there is a substantial likelihood that a reasonable examiner would have considered the information important in deciding whether to allow the application to issue as a patent." *Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 1000 (Fed. Cir. 2007). Intent to deceive can be inferred from

4

"the facts and circumstances surrounding the applicant's overall conduct." *See Dippin' Dots, Inc. v. Mosey*, 476 F.3d 1337, 1345 (Fed. Cir. 2007) (quoting *Paragon Podiatry Lab., Inc. v. KLM Labs. Inc.*, 984 F.2d 1182, 1189 (Fed. Cir. 1993)). However, mere evidence that an applicant knew of a reference and failed to submit it to the PTO does not, standing alone, prove specific intent to deceive. *See Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008) ("[T]he fact that information later found material was not disclosed cannot, by itself, satisfy the deceptive intent element of inequitable conduct."). Indeed, "[m]istake or negligence, even gross negligence does not support a finding of inequitable conduct." *Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1353 (Fed. Cir. 2008). On MONKEYmedia's motion for summary judgment, all reasonable inferences regarding intent must be drawn in favor of Defendants. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

Defendants' claims arise from the reexamination proceedings filed for both the '158 Patent and the '143 Patent. In December 2010, a request for *ex parte* reexamination of the '158 Patent was filed. In September 2011, after several months of conducting the reexamination, the examiner mailed a Final Office Action to MONKEYmedia, in which the examiner rejected certain claims in the '158 Patent as unpatentable. Following this decision, MONKEYmedia appealed the examiner's decision to the Patent Trial and Appeal Board (PTAB) in October 2011 and filed its appeal brief in December 2011.

In February 2012, the '143 Patent issued. In September 2012, after the appeal in the '158 Patent reexamination proceeding was fully briefed but before the PTAB issued its decision on appeal, Defendants filed a request for *inter partes* reexamination of the '143 Patent, arguing certain claims were disclosed by prior art. In December 2012, the examiner mailed an order

granting Defendants' request for reexamination of the '143 Patent and adopting the rejections proposed in the '143 Patent reexamination request.

Meanwhile, in November 2012, the PTAB issued its decision affirming the examiner's rejections in the '158 Patent reexamination, and in February 2013, the examiner issued its Notice of Intent to Issue Ex Parte Reexamination Certificate (NIRC) for the '158 Patent, followed shortly thereafter by the issuance of an Ex Parte Reexamination Certificate for the '158 Patent. The reexamination certificate cancelled claims 1–34 and listed new claims 35–41, which the examiner determined to be patentable.

In the instant lawsuit, Defendants claim that MONKEYmedia had multiple opportunities from September 2012—when the request for reexamination of the '143 Patent was filed—to February 2013—when the examiner issued the reexamination certificate of the '158 Patent—to submit to the examiner in the '158 Patent reexamination material prior art previously cited in the '143 Patent reexamination. MONKEYmedia, for its part, argues it is entitled to summary judgment on these claims because it "never acted with the intent to deceive the USPTO, and that lack of deceptive intent justifies summary judgment on the [Defendants'] various charges of inequitable conduct through nondisclosure." Pl.'s Mot. Summ. J. [#351] at 5–6.

As to Defendants' first claim that it purposefully failed to disclose material prior art during the '158 Patent reexamination, MONKEYmedia contends its failure was not intentional but rather simply because it believed the reexamination record was closed. In support of this proposition, MONKEYmedia cites the affidavit and deposition transcript of Eric Bear, the founder and CEO of MONKEYmedia. *Id.* [#351-1] Ex. A (Bear Decl.); *id.* [#351-2] Ex. B (Bear Dep.). Bear testified that when Defendants' filed the '143 Patent reexamination, he believed the examiner's decision allowing the amended claims in the '158 Patent reexamination was final and

new evidence could not be considered while the '158 Patent reexamination was before the PTAB. *See* Bear Decl. ¶¶ 10–11; Bear Dep. at 120:4–122:3.

Even accepting as true Mr. Bear's assertion that MONKEYmedia could not have submitted the prior art while the '158 Patent reexamination was before the PTAB, MONKEYmedia has offered little in the way of a "plausible, good faith explanation for why [the undisclosed information] was not cited to the PTO" once the PTAB issued its November 16, 2012 decision. *See* Pl.'s Mot. Summ. J. [#351] at 5 (quoting *Warner-Lambert Co. v. Teva Pharms. USA, Inc.*, 418 F.3d 1326, 1348 (Fed. Cir. 2005)). Indeed, MONKEYmedia had the opportunity to submit the prior art to the examiner after the PTAB issued its decision, when jurisdiction over the patent passed back to the examiner. *See* 37 C.F.R. § 41.54. Similarly, even after the examiner issued the NIRC on February 6, 2013, MONKEYmedia could have notified the examiner of the prior art. The NIRC itself advised MONKEYmedia that "[t]his proceeding is subject to reopening at the initiative of the Office upon petition." *See* Resp. [#352-4] Ex. 1-C (NIRC) at 2; *see also* Manual of Patent Examining Procedure §§ 2256, 2287.01 (stating that an amendment information disclosure statement, or other paper related to the merits of the reexamination proceeding can still be filed after the NIRC if it is accompanied by a petition under 37 C.F.R. § 1.182.). To explain this omission, Mr. Bear testified he believed "only the perfunctory act of issuing a final certificate of reexamination" remained after the PTAB's decision. Bear Decl. ¶ 11. However, the Court is not persuaded that summary judgment against Defendants is warranted. At minimum, fact issues remain as to the credibility of MONKEYmedia's witnesses—namely Mr. Bear—regarding the intent element.

As to Defendants' second claim that it deliberately failed to disclose material prior art during the '143 Patent reexamination, MONKEYmedia maintains it acted "with no intent to

7

deceive in the original prosecution of the '158 Patent over fifteen years ago." Pl.'s Mot. Summ. J. [#351] at 8. The '158 Patent originally issued from Application No. 09/298,336 (the '336 Application). Defendants accuse MONKEYmedia of concealing the fact that two other applications in the Seamless Expansion family were pending during the prosecution of the '336 Application. The two other applications were 09/298,681 ('681 Application) and 09/298,586 ('586 Application). In response, however, MONKEYmedia insists it expressly referenced these co-pending applications in a power of attorney filed in the prosecution of the '336 Application. According to MONKEYmedia, this disclosure alone disproves Defendants' theory that MONKEYmedia intended to deceive the PTO as to the existence of the co-pending applications because it did, in fact, disclose the applications.

Nevertheless, Defendants contend MONKEYmedia did not satisfy its duty to disclosure by filing a power of attorney, because the heading of the power of attorney does not "clearly indicate[] that the list is an information disclosure statement" as required by 37 C.F.R. § 1.98(a)(1)(iii). Thus, according to Defendants, an examiner would not know to look to the power of attorney for disclosure of material art.

However, MONKEYmedia's disclosure of the co-pending applications—even if it did not comply with 37 C.F.R. § 1.98(a)(1)(iii)—suggests a lack of intent to deceive the PTO. *See, e.g., Akron Polymer Container Corp. v. Exxel Container, Inc.*, 148 F.3d 1380, 1384 (Fed. Cir. 1998) (reversing the district court's finding of inequitable conduct based on an alleged failure to disclose related applications because the patentee "hardly could be seeking to deceive the PTO as to the existence of co-pending applications when it actually disclosed the fact of copendency"). Moreover, after *Therasense*, evidence that misrepresentation or omission resulted from "gross negligence or negligence under a 'should have known' standard does not satisfy the intent

8

requirement." *1st Media, LLC v. Elec. Arts, Inc.*, 694 F.3d 1367, 1374 (Fed. Cir. 2012) (quoting *Therasense*, 649 F.3d at 1290). Rather, a party asserting inequitable conduct must provide evidence that the plaintiff's specific intent to deceive was "the single most reasonable inference able to be drawn from the evidence." *Therasense*, 649 F.3d at 1290 (citation omitted). Because Defendants have failed to make this showing, the Court grants summary judgment in favor of MONKEYmedia on Defendants' assertion of inequitable conduct arising from the original prosecution of the '158 Patent.

**Conclusion**

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment [#351] is GRANTED IN PART and DENIED IN PART as described in this opinion.

SIGNED this the _15th_ day of March 2017.

SAM SPARKS
UNITED STATES DISTRICT JUDGE